Argued October 8, affirmed December 18, 1975

# EVENSON MASONRY INCORPORATED,
*Respondent, v.* ELDRED ET UX, *Appellants.*
543 P2d 663

*Robert J. Thorbeck,* Salem, argued the cause and filed a brief for appellants.

*D. Michael Mills,* Salem, argued the cause for respondent. With him on the brief were Mills & McMillin, Salem.

DENECKE, J.

The plaintiff claims a balance due on a construction contract performed for the defendants. In issue is the interpretation of the construction contract. The trial court, sitting without a jury, found for plaintiff. Defendants appeal.

The plaintiff agreed to perform masonry work on a building defendants were constructing for themselves. The agreement was in the form of a proposal prepared by plaintiff and accepted by defendants. Plaintiff contends the agreement as to the price was cost plus 10 per cent profit. Defendants contend the agreement was cost plus 10 per cent profit but not to exceed $13,200. The trial court found plaintiff was entitled to a total of about $15,000, less prior payments made by defendants.

Typed on the printed proposal form was the following:

"d) Conditions of job to be a cost plus 10% profit. Based on a bid of $13,200.00. This bid was to establish a ceiling bid to work from in hopes of, say money for the Eldreds.

"e) So extras to be worked into the bid of $13,200.00 price, such as window trim, bolts, extra

brick walls other than bid with (inside partitions) steel hintels (sic) over openings;

"f) Evenson to produce invoices and labor prices to Eldreds at completion of job to prove costs for said job:

"This will determine final price of job, Hoping to be below $13,200.00 total cost."

The trial court was of the opinion that the cost or price terms of the contract were unclear and, therefore, it received extrinsic evidence to assist in interpreting the terms. The trial court then determined that the contract provided that the price was to be cost plus 10 per cent profit with no ceiling.

■■ Whether a contract is ambiguous or uncertain is a question of law and, therefore, the decision of the trial court on the issue of ambiguity is reviewable by the appellate court. *Lee v. State Farm Auto Ins.,* 265 Or 1, 3, 507 P2d 6 (1973). We conclude, as did the trial court, that this contract is ambiguous.

Some of the language indicates that the agreement fixed $13,200 as a ceiling. Other language, however, indicates that $13,200 or less was a "hoped for" cost plus a 10 per cent profit figure but not a ceiling. For this reason the trial court was correct in using extrinsic evidence to assist in making its interpretation.

■ When the language of the contract is ambiguous and extrinsic evidence is received to resolve the ambiguity, the interpretation of the contract becomes a question for the trier of fact. *May v. Chicago Insurance Co.,* 260 Or 285, 292-293, 490 P2d 150 (1971). The interpretation of the trier of fact will be affirmed on appeal if there is any evidence to support the interpretation.

■ The principal extrinsic evidence was the testimony of Mr. Evenson, who managed the plaintiff cor-

poration, and one of the defendants, Mr. Eldred. Their testimony, particularly on payment for extras, supports the finding of the trial court that $13,200 was not intended as a ceiling. Mr. Evenson testified that the parties discussed certain items that were not included in the contract but that the defendants might request plaintiff to furnish. Evenson testified in essence that he told Mr. Eldred that he might or might not be able to  furnish the extras within the $13,200 price. The inference of his testimony was that if the extras could not be furnished within the price of $13,200, defendants would have to pay an additional sum.

Mr. Eldred's testimony was, "no matter what the extras were, that he [Evenson] mentioned they were to be worked into the 13-2 price." At least some extra work was performed or materials furnished. The trial court could infer that the testimony of Evenson on the intention of the parties was more reasonable and, therefore, more credible than that of Mr. Eldred.

Affirmed.