Argued and submitted January 31, affirmed November 18, 1992, reconsideration denied January 13, petition for review denied February 23, 1993 (315 Or 443)

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN SCOTT MILLER,
*Appellant.*

(90-01-30613; CA A66651)

841 P2d 678

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and James H. Juliussen, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant was indicted for unauthorized use of a motor vehicle, ORS 164.135, carrying a concealed weapon, ORS 166.240, two counts of delivery of a controlled substance, ORS 475.992(1), and two counts of possession of a controlled substance, ORS 475.992(4). Pursuant to a plea negotiation, he pleaded guilty to carrying a concealed weapon and to both counts of possessing a controlled substance. The court suspended imposition of sentence and placed him on probation. The other charges were dismissed. It also ordered him to pay $600 in restitution for damage to the vehicle that was involved in the unauthorized use charge.

Defendant assigns error to the court's imposition of restitution. He argues that, because he was not convicted of and did not admit unauthorized use of a motor vehicle, the court did not have authority to impose restitution for damages to the vehicle. However, we conclude that, although defendant objected to the *amount* of restitution, he waived any objection to the imposition of restitution.

The plea agreement that defendant signed provides:

"14.   I know that the sentence is up to the Court to decide. The District Attorney may provide reports or other information if requested by the Court. I understand that the District Attorney will make the following recommendation to the Court about my sentence or about other pending charges. * * * *Restitution for UU[M]V — figure to be determined w/i 30 days.*

"* * * * * *

"16.   I declare that no government agents have made any threats or promises to me to make me enter this plea other than the District Attorney's recommendation * * * [to] Dismiss Count[] I [unauthorized use of a motor vehicle] * * *." (Emphasis supplied.)

After the plea agreement was signed, defendant filed a "motion for hearing to establish [a] restitution figure; or, in the alternative, [a] motion to withdraw the plea." It was apparently filed because defendant disputed the amount of restitution that the state was seeking. In the motion, defendant acknowledged that, as part of the plea, he had agreed to

pay restitution: "As a condition of the plea offer, the defendant acknowledge[s] liability for restitution associated with the UUMV." At the restitution hearing, defendant continued to recognize that he had agreed to pay restitution related to the UUMV charge as part of the plea bargain. His argument was that the amount of restitution was excessive and that, had he known that the state would seek such a large amount, he would not have agreed to that condition of the plea agreement.

Defendant's argument is not persuasive. By his plea agreement and subsequent conduct, he waived any contention that the court lacked authority to impose restitution on the UUMV charge. The trial court did not err.

Affirmed.