Argued and submitted September 18, 2006, affirmed February 21, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD CHAVEZ,
*Defendant-Appellant.*

Douglas County Circuit Court
01CR0188FE; A124554

153 P3d 175

William L. Ghiorso argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

**ROSENBLUM, J.**

Following a jury trial, defendant was convicted of manslaughter in the first degree, ORS 163.118, assault in the second degree, ORS 163.175, and driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, he argues that he was entitled to enforcement of a plea bargain. The trial court concluded that defendant had not accepted the state's plea offer before it was revoked and that the state was not obligated to keep the offer open. On review for errors of law, we agree and affirm.

We view the facts in the light most favorable to the trial court's ruling on defendant's motion for enforcement. *See Ball v. Gladden,* 250 Or 485, 488, 443 P2d 621 (1968). Defendant was driving under the influence when he caused a head-on collision that killed the other car's passenger and injured the driver. Defendant sustained head injuries in the crash. In order to ensure that he was capable of aiding and assisting in his defense, defendant's trial was set over several times.

Shortly before the sixth trial setting, the prosecutor advised defense counsel that a plea offer that had been previously made was still available. The prosecutor did not give defendant a deadline for acceptance of the plea offer. The offer would have permitted defendant to plead guilty to manslaughter in the second degree, assault in the second degree, and DUII in exchange for a sentence of 75 months for the manslaughter charge with concurrent sentences for the assault and DUII charges. The prosecutor later testified that the offer had been "reluctantly" approved by a committee, consisting of the district attorney and several senior prosecutors, that considers plea offers in Measure 11 cases.

At the sixth trial setting, although defense counsel indicated that he and defendant had been able to "work everything out," defendant did not proceed with the plea. Rather, he requested another set-over to permit him to further consult with his family about the plea offer. The prosecutor agreed to the set-over, but this time commented that "[t]he family is here, they want to get this done and over with, and [the seventh trial setting] is really the deadline."

Between the sixth and the seventh trial settings, however, the Measure 11 committee reconsidered the offer and recommended that the prosecutor revoke it. Before the seventh trial setting, the prosecutor advised defense counsel that he was revoking the offer.

Defendant moved to enforce the purported plea agreement. The trial court denied the motion, concluding that defendant had not accepted the offer at the time of the sixth trial setting and that, even if the prosecutor's agreement to a set-over and statement about the deadline was a promise to keep the offer open until the next trial date, the promise was unenforceable because it lacked consideration. We agree.

■■ First, we reject defendant's contention that he had accepted the state's plea offer at or before the sixth trial setting. Courts have recognized that commercial contract principles are generally applicable to plea bargains. *Brock v. Wright*, 98 Or App 323, 326 n 2, 778 P2d 999 (1989). "Before it can be said that a bargain has been made, the acceptance [of an offer] must be positive, unconditional, unequivocal and unambiguous." *Wagner v. Rainier Mfg. Co.*, 230 Or 531, 538, 371 P2d 74 (1962) (citation and internal quotation marks omitted). After hearing evidence on the motion to enforce the purported agreement, the trial court found that "the case's history, and the Defendant's desire to consult with his sister before signing the plea statement * * * left the matter in some doubt and in a posture where the Defendant could change his mind before the morning of the [seventh trial setting]." We agree that defendant did not express "positive, unconditional, unequivocal and unambiguous" acceptance of the plea offer before it was revoked. It follows that the parties did not make an enforceable plea agreement. *Cf. Brock*, 98 Or App at 326 (unless there is a "meeting of the minds" between a defendant and the state, a plea bargain agreement is not enforceable).

■ Second, the prosecutor's agreement to defense counsel's request for a set-over and his comment that the set-over would be "really the deadline" to enter the plea were not an enforceable promise to keep the plea offer open until that

time. A promise is enforceable only if it is supported by valuable consideration. *Shelley v. Portland Tug & Barge Co.*, 158 Or 377, 387, 76 P2d 477 (1938). Consideration requires either that the promisor acquire some legal right to which he would not otherwise be entitled or that the promisee forgo some legal right which he would otherwise be entitled to exercise, in exchange for the promise. *Id.* at 387-88. The trial court found that defendant, the promisee, "has, under this scenario, given up nothing in exchange for a prosecutor's * * * promise to leave an offer open." Defendant does not contend otherwise. Therefore, we agree that the prosecutor's promise, if any, to keep the offer open until the seventh trial setting lacked consideration. It follows that the trial court was correct in concluding that the plea offer was revocable and that the court did not err in denying defendant's motion to enforce the purported plea agreement.

Affirmed.