Submitted on record and briefs January 31, sentences vacated; remanded for resentencing; otherwise affirmed May 30, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JASON ALLEN IVIE,
*Defendant-Appellant.*

Marion County Circuit Court
02C53665; A125833

159 P3d 1257

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Jason Allen Ivie filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Attorney-in-Charge,

Collateral Remedies and Capital Appeals, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Defendant pleaded guilty to second-degree assault as part of a plea agreement in which he and the state stipulated to a sentence of 60 months' probation rather than the mandatory minimum 70-month prison term required under ORS 137.700 (Measure 11).[1] A year later, defendant admitted to having violated the conditions of his probation. The trial court entered a judgment revoking his probation, committing him to the custody of the Department of Corrections for 70 months, and denying consideration under ORS 137.750 for sentence modification programs. Defendant appeals from that judgment, arguing that he did not stipulate to a 70-month prison term or to not being considered for sentence modifications. The state contends that defendant's sentence is not reviewable because defendant stipulated that the mandatory Measure 11 sentence, including ineligibility for sentence modification programs, would be imposed if he violated probation. We conclude that defendant stipulated to the 70-month prison term but not to the denial of consideration for sentence modification programs. Accordingly, we vacate defendant's sentences and remand for resentencing.

Before we recite the facts of this case, an overview of the statutory provisions at issue is helpful. Ordinarily, a defendant convicted of a felony is sentenced under the rules of the Oregon Criminal Justice Commission. Under those rules, the presumptive sentence is determined by using the sentencing guidelines grid developed by the commission, based on the seriousness of the crime of conviction and the defendant's criminal history score. When a defendant is sentenced to a guidelines sentence, the sentencing court must order that the defendant be considered for "any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which [the] defendant is otherwise eligible," sometimes referred to as "Senate Bill (SB) 936 credits," unless the court "finds on the record in open court substantial and compelling reasons

---

[1] Defendant also pleaded guilty to fourth-degree assault and menacing. Neither those convictions nor the sentences imposed thereon is at issue in this appeal.

to order that the defendant not be considered" for such sentence modification programs. ORS 137.750.

For some offenses, the sentencing guidelines do not govern the determination of the sentence. Under Measure 11, a defendant convicted of certain serious offenses is required to serve a mandatory minimum sentence that is typically longer than the maximum presumptive guidelines sentence. ORS 137.700. Furthermore, while serving a Measure 11 sentence, the defendant is not eligible for release on post-prison supervision, any form of temporary leave from custody, or sentence reductions under ORS 421.121 ("earned time") or "any other statute." ORS 137.700(1).

ORS 137.712 provides an exception to the mandatory minimum sentences for some of the offenses that are governed by Measure 11. Under ORS 137.712(1)(a), a court may impose a guidelines sentence notwithstanding Measure 11 if the court finds certain mitigating facts[2] and that a substantial and compelling reason justifies the lesser sentence. Under ORS 137.712(1)(b), a court may make a dispositional departure—that is, it may impose probation—if it finds that an additional substantial and compelling reason exists and that a sentence of probation will be more effective than a prison term in reducing the risk of recidivism and will better protect society. Under ORS 137.712(5), if the court imposes a sentence of probation and the defendant violates a condition of probation by committing a new crime, the court must revoke the probation and impose the presumptive guidelines sentence, not the mandatory minimum Measure 11 sentence. A defendant sentenced to a guidelines sentence under ORS 137.712(1) is expressly eligible for earned time and sentence reductions as provided in "any other statute." ORS 137.712(1)(a).

 Generally, a court may impose a sentence outside the applicable statutory scheme if the state and the defendant stipulate to such a sentence. ORS 135.407(5). If the court approves a stipulated sentencing agreement and imposes

---

[2] For example, a court may impose a guidelines sentence for second-degree assault if it finds that the victim was not physically injured by means of a deadly weapon, that the victim did not suffer a significant injury, and that the defendant has not previously been convicted of certain violent offenses. ORS 137.712(2)(b).

sentence accordingly, the sentence is generally not reviewable on appeal. ORS 138.222(2)(d); *see also State v. Young*, 188 Or App 247, 251 n 3, 71 P3d 119, *rev den*, 336 Or 125 (2003) (ORS 138.222(2)(d) precludes review of a sentence where the parties stipulated that the court could impose a particular sentence or a sentence within a particular range, but does not preclude review of other kinds of stipulated terms). If the sentencing court imposes a sentence that varies from the parties' stipulation, the sentence is reviewable. *State v. Upton*, 132 Or App 579, 583, 889 P2d 376, *rev den*, 320 Or 749 (1995) ("[I]f the agreement is not followed by the sentencing judge, then the sentence is not the result of a stipulated sentencing agreement and review is not prohibited." (Citation omitted.)). If some aspects of a sentence comport with the stipulation and others do not, the portions that were not part of the stipulation are reviewable. *State v. Davis*, 134 Or App 310, 314, 895 P2d 1374 (1995).

With that framework in mind, we turn to the facts of this case. Defendant was charged with kidnapping, second-degree assault, fourth-degree assault, and menacing. In two separate cases, he was also charged with contempt and with a probation violation.[3] After initially pleading not guilty to all of the charges, he filed petitions to enter guilty pleas on the two assault charges and on the menacing charge. The petition based on the second-degree assault charge stated, under the heading "MANDATORY SENTENCING TERMS," that defendant understood that the court "must impose 70 months of imprisonment unless a downward departure is given." Under the heading "SENTENCING GUIDELINES APPLICATION," the petition stated, "The crime seriousness of this charge is 9 and my criminal history score is H. Presumptive sentence is 70 months or 37 to 38 months." The petition also stated that, in return for defendant's plea, the district attorney agreed to recommend a downward departure to probation on the second-degree assault charge, one year in prison on the fourth-degree assault charge, and six months in prison on the menacing charge.

---

[3] Defendant was evidently on probation after having earlier been convicted of driving under the influence of intoxicants.

In the trial court, the prosecutor informed the court about the plea agreement: "[D]efendant will be entering guilty pleas to Counts 2, 3, and 4 of the indictment. We have a stipulated plea agreement, whereby the State will move to dismiss Count 1, and the two other matters that are tracking will be disposed of as well." Defendant's counsel stated that it was defendant's "desire to withdraw his previously entered plea of not guilty to the charge of Assault in the Second Degree, a Measure 11 sentence, and enter a plea of guilty to that charge." He also stated that defendant was prepared to withdraw the previously entered pleas to fourth-degree assault and menacing. Counsel stated that he had "gone over the plea petitions" with defendant and that defendant would execute them in open court.

The court discussed the plea petitions with defendant to ensure that he was aware of his rights and that he had signed the petitions freely and voluntarily. Defendant then stated that he had committed the acts alleged and that he pleaded guilty to each charge. The court accepted his pleas. It then stated, "The arrangement in regard to the sentence is, I understand, stipulated; is that correct, counsel?" Defendant's counsel responded, "That's correct."

The court then asked the prosecutor to recite the arrangement. The prosecutor stated, "On the Assault II, the defendant is a 9/H. It's a presumptive prison term of 70 months. This is a stipulated plea whereby the defendant will be given a dispositional departure to 60 months of probation." He then listed the conditions of defendant's probation, which included paying restitution and other assessments, completing a batterer treatment program and drug and alcohol treatment, not possessing or consuming intoxicants, not entering any bars or taverns, and not allowing alcohol to be kept in his residence. The prosecutor added, "This is a zero tolerance probation, Your Honor. I want to make it crystal clear to the Defendant so that he understands if he misses one payment, one class of his treatment program, has one sip of alcohol, he's going to prison for 70 months." He then explained that defendant would be sentenced to one year in the Marion County Jail, with credit for time served, for the fourth-degree assault charge and 180 days for the menacing charge, stating that the latter would run consecutively to the former. The

prosecutor recited the facts underlying those two charges "so the Court can make the appropriate findings that [the menacing charge] run consecutive to the assault * * *." Finally, he stated that defendant's plea would be considered an admission of the probation violation charged in one of the separate cases and that the contempt charge in the other case would be dismissed.

After the prosecutor finished reciting the sentencing arrangement, defendant's counsel stated, "That's my understanding, Your Honor."

The court stated that it "does find that there are sufficient facts in this case to impose a consecutive sentence." It also approved the "stipulated plea negotiations." The court did not make any findings under ORS 137.712(1) for imposing a guidelines sentence, rather than a Measure 11 sentence, on the second-degree assault conviction. The court also did not make any findings under ORS 137.750 or issue an order regarding whether defendant could be considered under that statute for sentence modifications if his probation were revoked.

The court entered a separate written judgment for each of the three convictions. The documents consist of pre-printed forms that the court filled out. The judgment concerning the second-degree assault states, in part:

"The Court finds a presumptive ( ) probationary (x) prison term of 70 months, with a grid block of CSS: 9 / CHS: H.

"It is hereby ordered that:

"This (x) **is** ( ) **is not** a guidelines sentence.

"(x)　This is a **stipulated** sentence.

"( )　This sentence is a **presumptive sentence**.

"(x)　This is a **person crime** conviction.

"(x)　This is a BM11 (ORS 137.700) conviction.

"( )　This sentence is a **determinate sentence** pursuant to ORS 137.635.

"( )　This is a ORS 137.717 **property crimes** sentence.

"( )　This sentence is a **durational departure**, and the Court finds substantial and compelling reasons as stated in the record.

"(x) This sentence is a **dispositional departure**, and the Court finds substantial and compelling reasons as stated in the record.

"( ) This sentence is an **optional probationary sentence**, and the Court makes the specific findings as required and as stated in the record.

"\* \* \* \* \*

"( ) Defendant shall be committed to the custody of the Oregon State Department of Corrections/Marion County supervisory authority for ____ months. The length of post-prison supervision shall be ____ months. If defendant violates conditions of post-prison supervision, defendant shall be subject to sanctions including possibility of additional imprisonment.

"\* \* \* \* \*

"( ) Defendant **MAY** be considered for various leave, release or program options pursuant to SB 936, section 14 (1997).

"( ) Defendant **MAY NOT** be considered for various leave, release or program options pursuant to SB 936, based upon substantial and compelling reasons as stated in the record, pursuant to ORS 137.750 or based upon the fact that this is a conviction pursuant to ORS 137.700 (Ballot Measure 11).

"\* \* \* \* \*

"(x) Defendant shall be placed on probation to (x) Marion County Corrections ( ) Court ( ) Pursuant to 137.012 for a period of 60 months with the following conditions comprising the terms thereof: [The conditions of supervision follow; additional conditions are listed on an attached page.]"

(Uppercase and boldface in original; other formatting altered for readability purposes.)

Approximately one year after defendant's sentencing, he was brought back to court for a probation violation hearing. He admitted that he had violated his probation by possessing and consuming controlled substances. The court asked the prosecutor for his recommendation regarding the disposition. The prosecutor recommended that the court revoke defendant's probation and sentence him to 70 months in prison without eligibility for sentence modification programs.

Defendant argued that the court could impose no more than the maximum presumptive prison term under the sentencing guidelines—in this case, 38 months—as a sanction for a probation violation. The prosecutor agreed that probation sanctions are ordinarily limited to the presumptive term under the guidelines. The prosecutor reiterated, however, that defendant had stipulated to 70 months. According to the prosecutor, defendant's stipulation precluded application of the ordinary rules.

The court asked whether the judgment indicated that defendant stipulated to a particular sanction. The prosecutor conceded that it did not expressly say anything about a stipulated sanction, but he asserted that the stipulation was signified by the court's entry of 70 months as the "presumptive" prison term, adding that he and defendant's counsel had discussed the matter with the court at the sentencing. The court then asked whether listening to the recording of the sentencing would reveal that there had been a stipulation. The prosecutor indicated that it would.

Defendant's counsel argued that it would be inappropriate for the court to listen to the recording, asserting that "the Court is bound by the four corners of the document, if you will, and may only go outside the judgment if the judgment is ambiguous." She argued that it is not ambiguous, contending that the notation of "70 months" is "simply surplus[ ] language."

The court ultimately concluded that the judgment is ambiguous. Defendant offered as an exhibit a transcript of the sentencing hearing. The court indicated that it had reviewed the transcript:

"As I said, I had some recollection of the sentencing in this case, but wanted to review the transcript to confirm in my own mind that there was a stipulated sentence in this case. And I do find on page 5 of the transcript, lines 2 through 4, that [defense counsel] confirms that this was a stipulated sentence. [The prosecutor] outlines the terms of the sentence, specifically on page 6, and makes a statement that 'I want to make it crystal clear to the Defendant so that he understands, if he misses one payment, one class of his

treatment program, has one sip of alcohol he's going to prison for 70 months.' * * *

"* * * And so I am going to, as I said, revoke your probation. And I do sentence you to serve the 70 months, which I believe was the stipulated sentence between Counsel. And I think you were appropriately warned of that in court."

Defendant asked the court to address his entitlement under ORS 137.750 to sentence modification programs. The court noted that the parties had "stipulated to a 70-month sentence. There is no mention in the stipulation as it's recited that there will be any credit for good time [*sic*]." Defendant argued that the failure to mention the matter left it for the court to determine upon revocation. The prosecutor argued that defendant had stipulated to a Measure 11 sentence, which did not allow for eligibility for sentence modification programs. The court agreed with the prosecutor: "That was my understanding of the plea. And for that reason, I will not allow [consideration for sentence modification programs]." The court entered judgment accordingly, but made no findings pursuant to ORS 137.750.

In his opening brief on appeal, defendant makes two assignments of error.[4] In the first, he argues that the trial court erred in imposing a sentence in excess of the presumptive guidelines maximum. Defendant asserts that the court was required by ORS 137.712(5) to impose the presumptive guidelines sentence—37 to 38 months. He contends that he did not stipulate to any particular sentence, relying on the fact that his plea petition makes no mention of a stipulated sentence and that neither the petition nor the judgment mentions the sentence that would be imposed if his probation were revoked. Defendant also points to the statements in the petition indicating that the district attorney agreed to "recommend" a downward departure sentence and that the court was not required to impose the recommended sentence. Defendant also argues that, even if he agreed to a stipulated sentence, he did not stipulate to 70 months. In his second

---

[4] In a supplemental brief, defendant also asserts that the trial court's failure to impose the guidelines sentence violated his rights to due process and equal protection under the state and federal constitutions. We reject that argument without discussion.

assignment of error, defendant argues that the trial court erred in denying him consideration under ORS 137.750 for sentence modifications. He again argues that, even if he agreed to a stipulated sentence, he did not stipulate to denial of such consideration.

The state responds that defendant stipulated to a full Measure 11 sentence, including a 70-month prison term and denial of eligibility for sentence modification programs. Because defendant stipulated to the sentence, the state contends, it is not reviewable.[5]

As noted above, ORS 138.222(2)(d) provides that, on appeal from a judgment of conviction for a felony, we may not review "[a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record." However, if any part of the sentence imposed varies from the parties' stipulation, that part of the sentence is reviewable. *Davis*, 134 Or App at 314. The question before us, then, is whether the parties stipulated to the sentence that the trial court imposed. To answer that, we must determine what the terms of the parties' plea agreement were. We have recognized that commercial contract principles apply to plea agreements. *State v. Chavez*, 211 Or App 142, 145, 153 P3d 175 (2007). Under ordinary contract principles, the construction of a contract is a question of law, but, when the contract is ambiguous, extrinsic evidence may be used to resolve the ambiguity, and determination of the parties' intent is a question of fact. *Evenson Masonry, Inc. v. Eldred*, 273 Or 770, 772, 543 P2d 663 (1975). The interpretation of the finder of fact is binding on appeal if there is any evidence in the record to support it. *Id.*

---

[5] The state also argues that the record "plainly shows that defendant was sentenced pursuant to ORS 137.700(2)(a)(G)" and thus is not eligible for any sentence modification programs. Indeed, the state asserts, the court would have committed legal error had it deemed defendant eligible. We disagree. Defendant was not sentenced pursuant to ORS 137.700. That statute does not authorize a court to impose a sentence of probation. The only statute that allows a dispositional departure for a Measure 11 offense is ORS 137.712. We express no opinion as to the court's authority to impose sentence under ORS 137.712 pursuant to a stipulated plea agreement without making the express findings required under that statute.

■ We turn, then, to the terms of the plea agreement. Although defendant has taken inconsistent positions at various points in this proceeding about whether the plea petition constitutes the agreement or the judgment constitutes the agreement, we need not decide that question here. Even taking the broader view of what constituted the agreement—both the petition and the judgment—the agreement remains ambiguous. Each of those documents indicated that a prison term of 70 months could apply, but that a probationary term would be imposed. It is not clear from either of those sources, or from the two documents combined, what the parties intended to stipulate to, if anything, with respect to sanctions for a probation violation. Because of that, we conclude that the plea agreement is ambiguous with respect to the length of the sentence that would be imposed upon revocation of probation. It follows that the parties' intent was a question of fact for the trial court, sitting as factfinder, to determine.

■ As noted, after reviewing the extrinsic evidence—namely, the transcript of the sentencing hearing—the court found that the parties had stipulated to a 70-month sentence. The question, then, is whether that finding is supported by evidence in the record.

We conclude that it is. At the sentencing hearing, while reciting the terms of the plea agreement, the prosecutor stated that, if defendant committed a single violation of the terms of his probation, "he's going to prison for 70 months." When the prosecutor finished reciting the terms of the agreement, defense counsel stated, "That's my understanding, Your Honor." Those statements support the court's finding that defendant stipulated to a 70-month sentence in the event of a probation violation. It follows that, under ORS 138.222(2)(d), that aspect of defendant's sentence is not reviewable.

■ We turn to defendant's second assignment of error, in which he contends that the record does not support the court's finding that he stipulated to denial of consideration under ORS 137.750 for sentence modification programs. We agree. As defendant points out, the judgment is silent as to such consideration. The court did not check either of the provisions on the judgment indicating whether defendant "may"

or "may not" be considered for such programs. Furthermore, there is no mention of denial of consideration in either defendant's plea petition or the transcript of the sentencing hearing. The only reasonable inference that can be drawn from those facts is that defendant did not stipulate to denial of such consideration.

We disagree with the state's contention that defendant stipulated to a full Measure 11 sentence in the event that his probation were revoked and thus is automatically ineligible for sentence modification programs. As noted, the record does not support that contention. We conclude that the parties' silence on the record can be fairly read to mean only that the statutory scheme of ORS 137.750 would apply. As noted, under that scheme, a defendant may be considered for sentence modification programs for which the defendant is otherwise eligible[6] unless the court finds on the record substantial and compelling reasons to deny consideration.

■ Because defendant did not stipulate to denial of sentence modification programs, that portion of his sentence is reviewable. On review, we conclude that the trial court erred in denying consideration for sentence modification programs without making the findings required by ORS 137.750. Accordingly, we vacate defendant's sentences and remand for resentencing. *See* ORS 138.222(5)(a) (if resentencing is required for any part of a case, the appellate court shall remand the entire case for resentencing). On remand, the trial court shall either order that defendant may be considered for sentence modification programs pursuant to ORS 137.750 or make findings constituting substantial and compelling reasons for denying such consideration.

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[6] As noted, ORS 137.712(1) provides that a defendant sentenced under that subsection is eligible for earned time and other statutory reductions in sentence.