Submitted June 29, affirmed October 27, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HEATHER JO CARSON,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF070100; A139264

243 P3d 73

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Linda Wicks, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals a supplemental judgment imposing restitution based on a plea agreement that she made to resolve numerous criminal charges related to her embezzlement of funds from her employer over an extended period of time. She contends that the sentencing court erred in including in the supplemental judgment amounts that she stole outside of the specific periods alleged in the various counts of the indictment. Because the disputed amounts were within the scope of the sentencing court's authority to impose restitution under defendant's plea agreement, we affirm.

Defendant was charged in a 12-count indictment with various offenses involving an embezzlement scheme whereby she made changes and charges to her employer's customer accounts so as to steal incoming payments on accounts and cover up her thefts. Defendant used a computer for the purpose of executing her fraudulent scheme. Viewed in its totality, the indictment included counts involving conduct committed between August 27, 2004 and April 12, 2005, and it also included counts involving conduct that occurred between October 4, 2005 and November 13, 2006. Pursuant to a written plea agreement, defendant pleaded guilty to five of the 12 charged offenses: three counts of first-degree theft, one count of computer crime, and one count of aggravated first-degree theft. Even though the five counts to which defendant pleaded guilty involved conduct that defendant committed during particular portions of the periods described above, the plea agreement provided:

"7.  The defendant is afforded her right to a restitution hearing.

"a.  The parties agree that the state can present evidence at the hearing that is relevant to the charging instrument. The state is not limited to the counts that defendant pleads guilty on. The court may consider all evidence that is relevant to charges in the instrument in making its determination regarding restitution."

At the change of plea hearing, the prosecutor elaborated the state's understanding of the scope of the plea agreement,

stating, "[W]e've agreed that the time span alleged in the indictment, that entire time span is open for the State's proof purposes, even though the Defendant is pleading to less than the entire time span." Neither defendant nor her counsel objected to the prosecutor's characterization of the scope of the plea agreement.

At the ensuing restitution hearing, the state presented evidence that defendant caused economic damages to her employer in the sum of $80,411.88 during the period between August 27, 2004 and November 13, 2006; $7,952.04 of that sum was stolen between April 12, 2005 and October 4, 2005. Defendant objected to an award of restitution including sums that she stole during the latter time frame. The trial court nevertheless awarded the entire amount that the state sought, reasoning that the plea agreement authorized such an award. The court found:

> "There is overwhelming evidence that the defendant while employed with the victim engaged in a regular and systematic theft largely by removing cash from receipts, and covering up the shortage by transferring invoices, sometimes even duplicating an invoice * * * over to Accounts Receivable records, and then delet[ing] the invoices to eliminate the appearance of them."

The court found that the evidence included a "clear demonstration of the loss," which was "traceable through the accounting system even though defendant went to great efforts, successfully for a long time, to hide her conduct."

In a single assignment of error, defendant asserts that the court erred in including the sums stolen during what she argues is a gap period within the entire span of time covered by the indictment. We review the trial court's legal conclusion with respect to its authority to award restitution for errors of law, *State v. Thorpe*, 217 Or App 301, 303, 175 P3d 993 (2007), and we are bound by the court's findings of fact if there is evidence in the record to support them. *State v. Kappelman*, 162 Or App 170, 175, 986 P2d 603 (1999).

■      ORS 137.106 provides, in part:

"(1)   When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"(a)   A requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court;

"(b)   A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court."

"When a person is convicted of a crime, the trial court may impose restitution for damages recoverable in a civil action arising out of the facts or events constituting that crime or any other criminal conduct admitted by the defendant." *State v. Howett*, 184 Or App 352, 356, 56 P3d 459 (2002); *see also State v. Stephens*, 183 Or App 392, 395, 52 P3d 1086 (2002) (listing the three prerequisites to an order of restitution: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two). "Criminal activities" means any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant. ORS 137.103(1).

■      Even though the statutory framework generally limits restitution awards to damages resulting from crimes of conviction or other criminal activities to which a defendant has admitted, the parties may alter that framework by agreement or waiver. *State v. Miller*, 116 Or App 432, 435, 841 P2d 678 (1992), *rev den*, 315 Or 443 (1993) (holding that a defendant can waive the right to object to restitution by so stating

in the plea agreement). Thus, the dispositive issue in this case is whether defendant agreed that the court could impose restitution for uncharged criminal conduct committed between the first and last dates alleged in the indictment to which defendant did not admit.

The written plea agreement itself is not entirely clear on the issue. The state argues that the disputed amounts involved criminal conduct that, in the terms of the written agreement, was "relevant to" the indictment, or "relevant to charges" in the indictment. The state draws that inference from the trial court's finding that defendant engaged in an ongoing scheme to defraud her employer that included a long period of successful cover up. As the state sees things, that finding necessarily established that the earlier charged offenses facilitated and, thus, were "relevant to" uncharged conduct that defendant committed during the temporal gap and that that uncharged conduct, in turn, facilitated and therefore was relevant to the later offenses charged in the indictment.[1] Defendant sees things differently; her view is that "evidence that is relevant to charges in the indictment," for purposes of the written plea agreement, must involve those offenses, not different, uncharged offenses. Both interpretations of the written agreement are plausible, that is, sensible and reasonable, considering the context of the written agreement as a whole.

Oregon courts have recognized that contract principles apply to plea agreements. *State v. McDonnell*, 310 Or 98, 116, 794 P2d 780 (1990); *State v. Snider*, 296 Or 168, 172, 674 P2d 585 (1983); *State v. Ivie*, 213 Or App 198, 209, 159 P3d 1257 (2007); *State v. Chavez*, 211 Or App 142, 145, 153 P3d 175 (2007). Under ordinary contract principles, the construction of a contract is a question of law, but when the contract is ambiguous, extrinsic evidence may be used to resolve the ambiguity, and determination of the parties' intent is a question of fact. *Evenson Masonry, Inc. v. Eldred*, 273 Or 770, 772,

---

[1] Alternatively, the state argues that one of the theft counts to which defendant pleaded guilty alleged a crime committed "on or about" October 4, 2005, and that, because all the disputed conduct occurred within six months of that date, the trial court reasonably could have found that the disputed amounts were within the scope of defendant's admitted criminal activities. Because of our disposition of the case, we do not address that argument.

543 P2d 663 (1975). The interpretation of the finder of fact is binding on appeal if there is any evidence in the record to support it. *Id.*

■          Those principles are dispositive here. The prosecutor's statement to the court at the change of plea hearing, to which defendant did not object, that the plea agreement covered the entire span of time in the indictment is strong contemporaneous evidence that the parties understood that the sentencing court would have authority to impose restitution for uncharged criminal conduct that defendant committed during the disputed interval.[2] Because there is evidence to support the sentencing court's implied finding that, under the plea agreement, uncharged criminal conduct that defendant committed within the entire span of time encompassed by the indictment was relevant to the charges in the indictment, the court did not err in including in her restitution obligation the amounts that defendant embezzled during the disputed interval.

          Affirmed.

---

[2] We do not mean by our holding in this case to retreat from (1) the ordinary principle that counsel's unsworn statements do not constitute evidence, *see, e.g.,* *State v. Norman,* 114 Or App 395, 398 n 3, 835 P2d 146 (1992), or (2) the core principle of the objective theory of contracts that a party's unilateral and subjective understanding of a contract's effect is immaterial. *Kabil Development Corp. v. Mignot,* 279 Or 151, 566 P2d 505 (1977). Rather, our point is that the prosecutor's statements constituted contemporaneous expressions of one party's understanding of the contract that was communicated to the other party, who, if she did not share that understanding, had a fair and ample opportunity to take issue. *See, e.g.,* *Batzer Construction, Inc. v. Boyer,* 204 Or App 309, 314-15, 129 P3d 773 (2006). His failure to do so supports an inference that the prosecutor's statements did, in fact, capture the parties' mutual intent.