Submitted January 6, reversed and remanded for resentencing March 28, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDRE LOUIS WHITE,
*Defendant-Appellant.*

Washington County Circuit Court
C092189CR; A146262

274 P3d 313

■

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

■

## PER CURIAM

Defendant pleaded guilty to and was convicted of one count of first-degree theft. In exchange for his plea, the trial court dismissed two charges of first-degree theft that alleged that defendant had improperly claimed unemployment benefits while he was employed. The court later entered a supplemental judgment under ORS 137.106(1),[1] ordering defendant to pay restitution in the amount of the unemployment benefits that he had unlawfully received and, pursuant to ORS 657.310, 12 percent interest on the judgment for that amount. Defendant appeals the supplemental judgment, contending that the court erred in ordering him to pay 12 percent interest on the judgment because that is not part of the economic damages that the victim—the Oregon Employment Department—suffered as a result of his actions. The state concedes the error.

The concession is well taken. For purposes of determining "the full amount of [a] victim's economic damages" under ORS 137.106(1)(b), the court may consider the "damages recoverable in a civil action arising out of the facts or events constituting [the] crime [for which the defendant was convicted]." *State v. Carson*, 238 Or App 188, 192, 243 P3d 73 (2010) (internal quotation marks omitted). However, the damages that can be awarded to a victim in a civil action and the economic damages recoverable as restitution are not necessarily coextensive. *See State v. Dillon*, 292 Or 172, 179, 637 P2d 602 (1981) ("[R]estitution was clearly not intended to be the equivalent of a civil award.").

---

[1] ORS 137.106(1) provides, as relevant:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court * * * evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, * * * the court shall include one of the following in the judgment:

"* * * * *

"(b) A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment * * *. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court."

ORS 657.310(4) and (5) provide that a judgment entered in a civil action brought by the Director of the Employment Department against a person who has improperly received employment benefits shall include an award of one percent monthly interest on the judgment. However, the economic damages that can be awarded as restitution are limited to "objectively verifiable monetary losses" resulting from defendant's actions. *See* ORS 31.710; ORS 137.103(2)(a). The interest that the department would be entitled to receive under ORS 657.310(4) and (5) on a judgment against defendant is not such a loss. Accordingly, the court erred in ordering defendant to pay 12 percent interest as part of the restitution award.

Reversed and remanded for resentencing.