Argued May 15, affirmed May 26, petition for rehearing denied
June 22, petition for review denied July 25, 1972

STATE OF OREGON, *Respondent, v.* STEVEN
DANA SCHAEFFER (No. C-71-06-1965,
No. C-71-07-2066), *Appellant.*

497 P2d 684

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

Defendant appeals from revocation of probation, alleging lack of cause therefor.

The record shows defendant pled guilty to two charges of illegal sale of narcotics and that five similar charges against him were dismissed at the time of the original sentences. Evidence at the sentencing hearing was that between arrest and sentence, while he was free on recognizance, he had continued to sell narcotics. Despite this, the trial judge suspended imposition of sentences and placed defendant on five years' probation, the first six months to be served at the forest camp.

The judge said to defendant:

"\* \* \* A condition of probation will be that you will serve six months in the Forest Camp at hard work morning to night, minimum wage.

"\* \* \* \* \*

"You understand me?

"MR. SCHAEFFER. Yes, sir."

The formal written order did not recite this condition. At the revocation hearing the probation officer testified that after defendant arrived at the forest camp he immediately began asking to be taken back to jail to serve the six months. Two guards and the probation of-

ficer tried to convince him it was a privilege to be at the camp, but defendant continued to demand that he be taken back to jail. Camp policy was that an uncooperative inmate would be returned to serve his time in jail, which was the upshot of defendant's demands.

In his testimony defendant contended that he saw another inmate at the camp whom he feared would kill him. He gave no details in his testimony in this regard, and had not mentioned it to the guards and the probation officer while at the camp.

Defendant relies on *State v. Morasch*, 5 Or App 211, 483 P2d 474 (1971), where we reversed an order revoking probation. The case is not in point because the defendant there never was placed on probation. Here, not only was he on probation, but he failed in the ordered placement.

The applicable rule is:

" '* * * It is * * * necessary * * * only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation * * *.' " (*Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964); *State v. Frye*, 2 Or App 192, 195, 465 P2d 736 (1970).

The trial judge was under no obligation to believe defendant's verbalized reason for wanting to return to the jail; indeed, there was reason to disbelieve it. That the forest camp condition was not in the formal written order of probation does not overcome the rule quoted supra, because defendant clearly understood the condition. There was good reason for

the trial judge to believe that defendant's former manipulative attitude and defiance were continuing, and that the purposes of a clearly defined and understood probation were not being served.

Affirmed.