Submitted February 8, 2013, affirmed February 12, petition for review denied May 8, 2014 (355 Or 380)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL DEAN HIKES,
*Defendant-Appellant.*

Lane County Circuit Court
200923972B; A148438

323 P3d 298

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

As part of a stipulated plea agreement defendant pleaded guilty to second-degree burglary, ORS 164.215, a Class C felony. The court imposed a downward departure sentence, from the presumptive sentence of 24 months in prison, as required by ORS 137.717, to a sentence of 36 months' probation, subject to conditions. Defendant violated his probation by committing the offense of driving while suspended. The trial court revoked defendant's probation and imposed a sentence of 24 months in prison, and also denied defendant's eligibility for early release or alternative incarceration programs (AIP) under ORS 137.750. On appeal, defendant does not challenge the revocation of his probation or the imposition of the 24-month prison sentence. He asserts only that the evidence does not support the trial court's finding that there were substantial and compelling reasons for denying defendant's eligibility for sentence modification programs. Because we conclude that the court did not err, we affirm.

The significant facts are largely undisputed. Defendant admitted the probation violation at a probation revocation hearing. The state requested that defendant receive a sentence of 24 months in prison, with one year of post-prison supervision, explaining that that the 24-month prison sentence was justified by defendant's lengthy criminal history. Defendant's counsel requested a sentence of 18 months in prison, explaining that the lesser sentence was warranted because defendant had not had any "dirty UAs" while on probation.

The court agreed with the state that the purposes of probation were not being served and revoked defendant's probation. The court also agreed with the state's sentencing recommendation:

"THE COURT: I will sentence you to 24 months with the Department of Corrections, with 12 months post-prison supervision.

"Your criminal history is so lengthy, sir, that anyone would think twice about giving you a break at this point. It's rare that when I look at them they go the full page and

then on to the second page. And that's what I'm looking at—

"THE DEFENDANT:   Yeah, but a child molester gets 13 months and I get 24 months. That makes no sense. That's all I got to say.

"THE COURT:   That's because you're you, and you have a different criminal history, and obviously a different attitude.

"THE DEFENDANT:   I sure do.

"THE COURT:   Yes, you do, sir.

"THE DEFENDANT:   Can I go now?

"THE COURT:   No. * * * Have a seat in the jury box."

The trial court further concluded that defendant would not be eligible for any sentence modification programs under ORS 137.750:

"THE COURT:   Oh, also, there will be no [programs] and no good time. I find substantial and compelling reasons based on his attitude as well as his criminal history, to deny both. * * *

"[DEFENSE COUNSEL]:   For the record, your Honor, we would object.

"THE COURT:   Yes. Your objection is noted."

The judgment revoking defendant's probation imposed a 24-month prison sentence and expressly provided that defendant would not be eligible for any sentence modification programs:

"IT IS FURTHER ORDERED that defendant may **not** be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which defendant is otherwise eligible at the time of sentencing."

(Boldface in original.)

On appeal, defendant does not challenge the revocation of his probation or the imposition of the 24-month sentence or the term of post-prison supervision. He challenges

only the court's decision to deny eligibility for sentence modification programs, contending that the record does not support the trial court's finding of "substantial and compelling reasons," as required by ORS 137.750 (in sentencing a defendant, a court may find "substantial and compelling reasons to order that the defendant not be considered for" sentence modification programs).[1]

The state asserts that any objection to the finding of "substantial and compelling reasons" is not preserved, is not within the court's jurisdiction, and is not reviewable. We conclude that the objection is preserved. Although cryptic, the record reflects that defendant's objection was a challenge to the finding of "substantial and compelling reasons." ORS 137.750(1). The court noted defendant's objection, and it is apparent that the court understood defendant's objection to relate to the finding of substantial and compelling reasons, which was a prerequisite to the court's decision to deny eligibility for sentence modification programs. We conclude that defendant's objection was sufficient to preserve for appeal defendant's contention that the court erred in finding substantial and compelling reasons for denying eligibility for sentence modification programs. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

The state next contends that, because defendant pleaded guilty, his claim is not reviewable under ORS 138.050, which defendant cites as the basis for this court's jurisdiction. We agree with the state that ORS 138.050 is not a basis for jurisdiction over the appeal of defendant's sentence on the felony offense of second-degree burglary. *State v. Cloutier*, 351 Or 68, 91, 261 P3d 1234 (2011); *State v. Brewer*, 260 Or App 607, 320 P3d 620 (2014). However, the appeal is within this court's jurisdiction under ORS

---

[1] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

138.222(7) ("Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989[.]").[2] Further, we conclude that defendant's contention that the factual bases on which the trial court relied are insufficient to support a finding of "substantial and compelling reasons" is subject to review as an error in the imposition of a sentence, ORS 138.222(4)(a), and also presents a colorable claim of error. ORS 138.222(7). *See State ex rel Dept. of Human Services v. Rardin,* 338 Or 399, 408, 110 P3d 580 (2005) (claim of error is "colorable" if it reasonably may be asserted under current law and is plausible given the facts and the current law or a reasonable extension or modification of current law); *see also State ex rel Juv. Dept. v. Balderas,* 172 Or App 223, 18 P3d 434 (2001) (discussing "colorable claim" in context of challenge to sufficiency of evidence).

The remaining question is whether the record supports the trial court's finding that substantial and compelling reasons support its order that defendant not be eligible for sentence modification programs. There is no definition of "substantial and compelling reasons" in the context of a court's decision under ORS 137.750. In defendant's view, in making a "substantial and compelling reasons" determination under ORS 137.750, the nonexclusive list of mitigating and aggravating factors set forth in OAR 213-008-0002(1)(b) for determining whether substantial and compelling reasons exist for a departure sentence should guide the trial court.[3]

---

[2] ORS 138.222(7) provides, in part:

"Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of Or Laws (1989), ch 790. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:

"(a) A sentence was entered subsequent to a plea of guilty or no contest;

"(b) Probation was revoked, the period of probation was extended, a new condition of probation was imposed, an existing condition of probation was modified or a sentence suspension was revoked; or

"(c) A sentence was entered subsequent to a resentencing ordered by an appellate court or a post-conviction relief court."

[3] OAR 213-008-0002(1)(b) provides, in part:

"(1) Subject to the provisions of sections (2) and (3) of this rule, the following nonexclusive list of mitigating and aggravating factors may be considered

Under those factors, defendant contends, the court erred in treating defendant's attitude at the hearing as a substantial and compelling reason because, when compared to the more extreme conduct that might be expected from a defendant at sentencing, defendant's behavior was mild. At most, defendant contends, he expressed displeasure with the sentence, which he asserts is a natural response that should not be considered a substantial and compelling reason to deny him access to programs.

Defendant further contends that his lengthy criminal history has previously been taken into account in setting his criminal history score and his presumptive sentence of 24 months and cannot, by itself, also provide a substantial and compelling reason for denying him access to programs. At the time of his original sentencing, the court determined that defendant was within sentencing grid block 2A, which

---

in determining whether substantial and compelling reasons for a departure exist:

"*****

"(b)  Aggravating factors:

"(A)  Deliberate cruelty to victim.

"(B)  The offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct.

"(C)  Threat of or actual violence toward a witness or victim.

"(D)  Persistent involvement in similar offenses or repetitive assaults. This factor may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense.

"(E)  Use of a weapon in the commission of the offense.

"(F)  The offense involved a violation of public trust or professional responsibility.

"(G)  The offense involved multiple victims or incidents. This factor may not be cited when it is captured in a consecutive sentence.

"(H)  The crime was part of an organized criminal operation.

"(I)   The offense resulted in a permanent injury to the victim.

"(J)  The degree of harm or loss attributed to the current crime of conviction was significantly greater than typical for such an offense.

"(K)  The offense was motivated entirely or in part by the race, color, religion, ethnicity, national origin or sexual orientation of the victim.

"(L)  Disproportionate impact (for Theft I under ORS 164.055, and Aggravated Theft I under ORS 164.057)."

would have resulted in a presumptive sentence of probation on the burglary charge. But because defendant had prior property crime convictions, the version of ORS 137.717 then applicable provided for a presumptive sentence of 18 months in prison, to be increased by two months for each property offense, up to 12 additional months. ORS 137.717(3) (2009). By that calculation, defendant explains, his prior convictions necessarily have been taken into account in his prison sentence of 24 months, and cannot be considered again in determining his eligibility for programs. In support of his position, defendant cites *State v. Perez*, 196 Or App 364, 372-73, 102 P3d 705 (2004), *rev den*, 338 Or 488 (2005), in which we held that aggravating factors used to impose a departure sentence necessarily require a finding of one or more facts other than the offender's prior convictions.

The state responds that a court's determination under ORS 137.750 for eligibility for AIP is not a departure sentence and that the factors set out in OAR 213-008-0002 relating to a court's finding of substantial and compelling reasons for a departure sentence do not explicitly apply and thus do not restrict a court's determination of eligibility for early release programs or AIP. In the state's view, there is nothing in the Oregon Criminal Code or the Oregon Justice Commission rules to prevent the trial court from considering defendant's attitude at the sentencing hearing, as well as his criminal history, in determining his eligibility for sentence modification programs under ORS 137.750.

We agree with the state that the factors set forth in OAR 213-008-0002(1)(b) are not expressly applicable to the determination under ORS 137.750. We conclude, further, that a defendant's attitude at sentencing is a circumstance that the trial court may take into account at sentencing in determining eligibility for sentence modification programs. *See State v. Schaeffer*, 9 Or App 609, 611-12, 497 P2d 684 (1972) (noting that at probation revocation hearing, the trial court could "believe that defendant's former manipulative attitude and defiance were continuing" (in determining that the purposes of probation were not being served)). Although we are not in a position to assess defendant's demeanor at sentencing, having read the transcript, we conclude that the evidence is sufficient to permit the trial court to find that

defendant displayed an attitude that showed that he was not remorseful, and we conclude that the court could take that attitude into account in determining defendant's eligibility for sentence modification programs under ORS 137.750.

We conclude that the trial court could also take into account defendant's extensive criminal history. As the state points out, the court's order does not simply duplicate consideration of defendant's criminal history that provided the basis for the presumptive 24-month sentence. Defendant's criminal history is not in the record, but the record is sufficient to conclude that defendant's criminal history, which the trial court found "is so lengthy" that it extended to the second page, includes convictions or juvenile adjudications in addition to those that would be required to support a 24-month sentence. There is nothing that precludes a court from basing its "substantial and compelling reasons" determination under ORS 137.750 on factors such as a defendant's criminal history beyond that providing a basis for a presumptive sentence.

The trial court noted on the record the exceptional length of defendant's criminal record. We conclude that the trial court did not err in taking that record into account, along with defendant's attitude, in determining that defendant would not be eligible for sentence modification programs under ORS 137.750. The trial court initially accepted the parties' stipulated agreement when the court imposed a downward departure sentence of 36 months' probation. Under the circumstances at the time of sentencing defendant on the probation revocation, the trial court did not err in finding that there were substantial and compelling reasons for denying defendant's eligibility for AIP.

Affirmed.