STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARVIN OPITZ,
*Defendant-Appellant.*

Marion County Circuit Court
09C48141; A155609

359 P3d 588

Peter Gartlan, Chief Defender, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

### DUNCAN, P. J.

In this criminal case, defendant appeals, raising two assignments of error. In his first assignment of error, defendant asserts that the trial court committed plain error by ordering him "to pay $1,600 in attorney fees without determining that [he] had the ability to pay." The state concedes that the trial court committed plain error by ordering defendant to pay the fees. We accept the state's concession and exercise our discretion to correct that error. In his second assignment of error, defendant asserts that the trial court committed plain error by denying him "eligibility for sentence modification programs under ORS 137.750."[1] The state contends that the trial court did not commit plain error by denying defendant eligibility for the programs and, even if it did, we should not exercise our discretion to correct the error. We conclude that, even assuming that the trial court committed plain error, it is not appropriate for us to exercise our discretion to correct the error. Accordingly, we reverse the portion of the trial court's judgment requiring defendant to pay attorney fees and otherwise affirm.

This is an appeal from a resentencing. Following a bench trial, the trial court convicted defendant of burglary in the first degree, ORS 164.225; attempted assault in the second degree, ORS 163.175 and ORS 161.405; assault in the fourth degree, ORS 163.160; and kidnapping in the first degree, ORS 163.235. Defendant appealed, and we reversed his kidnapping conviction and remanded the case for resentencing. *State v. Opitz*, 256 Or App 521, 301 P3d 946 (2013). At the resentencing hearing, noting that the facts of the case were "flat horrifying," the trial court identified five aggravating factors to support its imposition of upward departure sentences, including defendant's persistent involvement in similar offenses. Based on those factors, the trial court sentenced defendant to a total of 124 months in prison (18 of which defendant had already served, leaving him with 106 months to serve after the resentencing). The court denied defendant eligibility for leave, release, and programs under ORS 137.750, but it did not make any findings in support of its denial either at the hearing or in the written

---

[1] ORS 137.750 is set out, in part, below. 273 Or App at 748.

judgment.[2] The court also ordered defendant to pay $1,600 in court-appointed attorney fees.

In his first assignment of error, defendant asserts that the trial court erred by ordering him "to pay $1,600 in attorney fees without determining that [he] had the ability to pay." Defendant concedes that he did not preserve that assignment of error, and he asks that we review it as plain error. *See* ORAP 5.45(1) (authorizing review of errors apparent on the record); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (identifying requirements for plain error); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (identifying factors to be considered when determining whether to exercise discretion to correct plain error). Defendant argues, and the state concedes, that the trial court committed plain error by ordering defendant to pay the fees, because the trial court did not find, and could not find on this record, that defendant "is or may be able to pay the fees." ORS 151.505(3) (providing that a court may not require a person to pay court-appointed attorney fees "unless the person is or may be able to pay" the fees); ORS 161.665(4) (same); *see Bacote v. Johnson*, 333 Or 28, 33, 35 P3d 1019 (2001) (a court "must determine if the person is or, in the future, may be able to pay costs"); *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) (a court may not impose court-appointed attorney fees "based on a record that is silent regarding the defendant's ability to pay those fees"); *see also State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (imposition of court-appointed attorney fees based on a silent record constitutes plain error).

We agree with the parties and conclude that the trial court committed plain error by imposing the fees. Considering the gravity of the error, we also conclude that it is appropriate for us to correct the error, as we have done so in other cases involving similar fees and prison sentences.

---

[2] At the hearing, the trial court simply stated, "no 936," using a shorthand reference to the leave, reductions, and programs under ORS 137.750. *See State v. Schaefer*, 201 Or App 409, 410, 118 P3d 849 (2005) ("936 credits" refers to "consideration for early release and sentence reductions under ORS 137.750 and ORS 137.752"). The written judgment states that the denial is based on "substantial and compelling reasons as stated in the record, pursuant to ORS 137.750," but, as noted, the court did not state any such reasons on the record.

We note that "this is not a case where, had it been alerted to the issue, the trial court could easily have determined that defendant could or would be able to pay the fees[,]" given that the record is silent regarding defendant's financial resources. *Coverstone*, 260 Or App at 717; *see, e.g., State v. Nickerson*, 272 Or App 155, 159-60, 354 P3d 758 (2015) (reversing $1,500 in fees where the defendant was sentenced to 70 months in prison); *State v. Wells*, 269 Or App 528, 529, 345 P3d 498, *rev den*, 357 Or 551 (2015) (reversing $1,600 in fees where the defendant was sentenced to 70 months in prison); *State v. Callentano*, 263 Or App 190, 191-92, 326 P3d 630 (2014) (reversing $2,500 in fees where the defendant was sentenced to 90 months in prison). Accordingly, we reverse the portion of the judgment imposing the court-appointed attorney fees.

In his second assignment of error, defendant asserts that the trial court erred by denying him "eligibility for sentence modification programs under ORS 137.750." ORS 137.750(1) provides that, when a court sentences a defendant to a term of incarceration, the court shall, on the record in open court, order that the defendant be considered for leave, release, and programs, unless the court finds, on the record in open court, that there are substantial and compelling reasons that the defendant should not be considered for such programs:

> "(1)  When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

*See also State v. Hikes*, 261 Or App 30, 33, 323 P3d 298, *rev den*, 355 Or 380 (2014) (a finding of substantial and compelling reasons is a "prerequisite" to denial of eligibility for leave, release, and programs under ORS 137.750). Thus, in

this case, before the trial court could deny defendant eligibility for leave, release, and programs under ORS 137.750, the court needed to find substantial and compelling reasons for the denial. The parties agree that the trial court failed to make the required findings. The parties also agree that defendant did not object to the trial court's failure to make the findings.

Defendant argues that the trial court's failure to make the required findings constitutes plain error and that we should exercise our discretion to review the error. In response, the state makes two arguments. First, the state argues that the trial court's failure to make the findings does not constitute plain error, citing *State v. Bucholz*, 317 Or 309, 321, 855 P2d 1100 (1993), in which the Supreme Court held that that the trial court did not commit plain error by failing to make express findings to support its imposition of consecutive sentences. Second, the state argues that, even if the trial court committed plain error by failing to make the findings that ORS 137.750 requires, we should not exercise our discretion to review the error. In support of that argument, the state cites *State v. Soto-Nunez*, 211 Or App 545, 548-49, 155 P3d 96 (2007), *vac'd and rem'd on other grounds,* 345 Or 316, 195 P3d 64 (2008), in which we concluded that, even assuming that the trial court had committed plain error by denying the defendant eligibility for leave, reductions, and programs under ORS 137.750, it was "not appropriate for us to exercise our discretion to review the error[,]" because, if the defendant had alerted the trial court to its failure to make the required findings, the failure "might easily have been remedied."

We accept the state's second argument and conclude that, even assuming that the trial court committed plain error by failing to make the required findings in this case, it is not appropriate for us to exercise our discretion to review the error.[3] As the state points out, the trial court had already noted the "horrifying" facts of the case; had defendant objected to the trial court's failure to make the

---

[3] Because we accept the state's alternative argument, we need not address its argument that the trial court's failure to make the required findings does not constitute plain error.

findings required to deny eligibility under ORS 137.750, the trial court could easily have remedied that failure by making the findings based on the record before it.[4]

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[4] The record in this case distinguishes it from cases in which we have corrected plain errors where the record was insufficient to support statutorily-required findings and, therefore, the trial court could not have made the findings even if a party had requested them. *See, e.g., State v. Welsh*, 267 Or App 8, 13-14, 340 P3d 132 (2014).