Submitted December 3, 2021; remanded for resentencing, otherwise affirmed
February 24, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RHONDA COLLEEN JEAN MESSER,
*Defendant-Appellant.*

Lincoln County Circuit Court
19CR69483; A174040

507 P3d 337

Defendant appeals her judgment of conviction for two counts of criminally negligent homicide, ORS 163.145, and one count of possession of methamphetamine, ORS 475.894. She assigns error to the trial court's decision to deny her eligibility for earned time and alternative sentencing programs under ORS 137.750. Specifically, defendant contends that the fact that, before her arrest, she did not apologize to both victims' families after being rebuffed by the first family member she contacted, did not amount to a "substantial and compelling" reason to deny her eligibility under ORS 137.750(1). The state concedes that denying defendant eligibility for failing to apologize to the families before her conviction was error. *Held*: Defendant's failure to apologize to the family of one of the victims was not sufficiently exceptional to amount to a "substantial and compelling" reason to deny her eligibility for earned time and alternative sentencing programs under ORS 137.750(1). As the record was unclear whether the trial court found that any of the other factors it considered were independently sufficient to deny defendant eligibility, resentencing was required.

Remanded for resentencing; otherwise affirmed.

Thomas O. Branford, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for two counts of criminally negligent homicide, ORS 163.145, and one count of possession of methamphetamine, ORS 475.894. She assigns error to the trial court's decision to deny her eligibility for earned time and alternative sentencing programs under ORS 137.750. In particular, she points to the trial court's determination that "substantial and compelling reasons" supported the denial. Specifically, defendant contends that the fact that, before her arrest, she did not apologize to both victims' families after being rebuffed by the first family member she contacted, did not amount to a substantial and compelling reason. ORS 137.750(1). The state concedes that denying defendant eligibility for failing to apologize to the families before her conviction was error. We accept the state's concession, and remand for resentencing.

We review a sentencing court's decision to deny a defendant sentencing reduction programs for legal error, and its factual findings for any evidence in the record to support them. *State v. Hikes*, 261 Or App 30, 36-37, 323 P3d 298, *rev den*, 355 Or 380 (2014). The trial court concluded that defendant's failure to apologize to the families of the victims before she was arrested demonstrated a "staggering" lack of remorse.

Under ORS 137.750(1), a sentencing court "shall" allow a defendant to be considered for sentence reduction or release programs unless the court finds "substantial and compelling reasons" to order otherwise. Although we have not interpreted "substantial and compelling" for purposes of ORS 137.750(1), we find our analysis of the same phrase in the context of factors used to impose upward departure sentences under OAR 213-008-0002 instructive, although not determinative. *See Hikes*, 261 Or App at 34, 36 (observing that "[t]here is no definition of 'substantial and compelling reasons' in the context of a court's decision under ORS 137.750" and that the departure factors are not "expressly applicable"); *see also State v. Ramirez*, 312 Or App 117, 125, 493 P3d 522 (2021) (reviewing case law construing comparable language in a closely related statute). There we have said

the circumstances must be "sufficiently exceptional" to show that the presumptive sentence "would fail to accomplish the purposes of the sentencing guidelines." *State v. Agee*, 223 Or App 729, 744, 196 P3d 1060 (2008).

That interpretation comports with the plain meaning of the phrase "substantial and compelling." "In the absence of any evidence to the contrary, we assume that the legislature intended to give those words their 'plain, natural, and ordinary meaning.'" *State v. Ziska/Garza*, 355 Or 799, 804, 334 P3d 964 (2014) (quoting *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993)). To determine that ordinary meaning, we turn first to definitions from dictionaries that were in use at the time the statute was enacted. *Id*. at 804-05. The relevant definitions of "substantial" include "being of moment: important, essential." *Webster's Third New Int'l Dictionary* 2280 (unabridged ed 2002). The definition of "compelling" most apt for this context is "tending to convince or convert by or as if by forcefulness of evidence." *Id*. at 463. These definitions are consistent with how we interpret "substantial and compelling" in the departure context to mean sufficiently "exceptional." *See, e.g.*, *State v. Davilla*, 280 Or App 43, 68, 380 P3d 1003 (2016) (explaining that a trial court's explanation of substantial and compelling reasons must demonstrate why the circumstances are "so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines").

In these circumstances, defendant's failure to apologize to the family of one of the victims, particularly after being angrily rebuffed by a member of the first victim's family, is not sufficiently exceptional to amount to a substantial and compelling reason to deny her eligibility. Indeed, it is an open question whether the failure to admit to a crime prior to arrest can be used against a defendant in the subsequent criminal prosecution. *See State v. Schiller-Munneman*, 359 Or 808, 812, 377 P3d 554 (2016) (acknowledging that no case "expressly addresses whether, absent custody or compelling circumstances, a defendant's invocation of the right to silence may be introduced at trial as substantive evidence of the defendant's guilt").

As we cannot say on this record whether the trial court found any of the other factors it considered to be independently sufficient to deny eligibility, resentencing is required. *See State v. Enemesio*, 233 Or App 156, 162, 225 P3d 115, *rev den*, 348 Or 414 (2010) (resentencing required if any of the departure factors were incorrectly applied and the trial court did not indicate whether it was relying on the factors it found singly or in combination).

Remanded for resentencing; otherwise affirmed.