188 November 15, 2023 No. 596

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHARRON MYLES,
aka Sharron U. Myles,
*Defendant-Appellant.*

Washington County Circuit Court
21CR29348; A176871

Beth L. Roberts, Judge.

Submitted April 24, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

This is a criminal appeal in which defendant challenges the trial court's sentence denying eligibility for programs. Defendant pleaded guilty to one count of second-degree attempted assault (ORS 163.175) as part of a stipulated agreement with the Department of Corrections to dismiss other charges. Defendant plead to facts based on an unprovoked incident in which she used a sign and her fists to repeatedly hit another adult in custody. During the sentencing hearing, the court asked defendant if there was anything she wanted to add after her attorney presented mitigation evidence and requested a reduction from the presumptive sentence of 25 to 30 months. Defendant replied, "I believe everything's been covered." Immediately after, the trial court imposed a 30-month sentence and found that defendant was "not eligible for any programs." The written judgment similarly provided that defendant was ineligible for sentence-reduction and early-release programs.

On appeal, defendant argues that the trial court plainly erred in denying her eligibility for those programs without first finding on the record substantial and compelling reasons to deny eligibility, as is required by ORS 137.750. Defendant requests that we exercise our discretion to correct the error because it is not clear that the facts would support a finding of substantial and compelling reasons because the victim asked the court to have leniency on the defendant and testified on defendant's behalf. Additionally, defendant argues that she had a limited opportunity to participate in the hearing because she appeared remotely and did not have an opportunity to speak following the pronouncement of the sentence.

The state concedes that the trial court erred but argues that we should not exercise our discretion to correct the error. First, the state notes that we have consistently declined to correct unpreserved error under the same circumstances. *See State v. Opitz*, 273 Or App 745, 749-50, 359 P3d 588 (2015), *rev den*, 358 Or 551 (2016) ("[H]ad defendant objected to the trial court's failure to make the findings required * * * under ORS 137.750, the trial court could easily have remedied that failure by making the findings based

on the record before it."). Second, the state contends that the record in this case could have supported the requisite findings given the underlying conduct involved in the incident and defendant's criminal history that included a prior assault and harassment convictions. We agree. We accept the state's concession that the trial court plainly erred in failing to make the requisite findings under ORS 137.750, but we decline to exercise our discretion to correct the error because we agree with the state that the trial court could have made the required findings on the record before it. *Cf. State v. Welsh*, 267 Or App 8, 14, 340 P3d 132 (2014) ("Plain error review would not undermine the purpose of the preservation rule because, if the matter had been brought to the trial court's attention, the trial court could not have made the necessary findings.").

Affirmed.