144 February 22, 2024 No. 124

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER MICHAEL WHITE,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR26741, 19CR31169;
A178368 (Control), A178369

Amanda R. Benjamin, Judge.

Submitted January 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

In this consolidated criminal appeal, defendant advances a single assignment of error, arguing that the trial court denied him eligibility for sentence reduction programs or early release under ORS 137.750 based on reasons that were not sufficiently exceptional to be "substantial and compelling." *See State v. Messer*, 317 Or App 803, 805-06, 507 P3d 337 (2022) (remanding for resentencing where the trial court's articulated reason for denying eligibility was "not sufficiently exceptional to amount to a substantial and compelling reason to deny her eligibility"). Although defendant's argument on appeal proceeds from the proposition that he raised that challenge before the trial court, we agree with the state's contention that defendant's argument is unpreserved. To be sure, defendant asked the trial court to articulate the reasons for departure on the record as ORS 137.750(1) requires. He did not, however, object to the denial of eligibility or argue that the court's articulated reasons for denial were not sufficiently exceptional to be "substantial and compelling." Therefore, defendant's argument is not preserved for appellate review. *See, e.g.*, *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (outlining the preservation requirements); *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that one of the purposes of the preservation requirement is to ensure that the opposing party and the trial court were given enough information "to be able to understand the contention and to fairly respond to it"). Finally, defendant has neither asked for plain-error review, nor has he demonstrated that the trial court's reasons for denying eligibility were plainly erroneous under ORS 137.750.

Affirmed.