808 February 12, 2025 No. 100

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARTIN ALEXANDER HILGARDNER,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR40170; A180482

Ulanda L. Watkins, Judge.

Submitted December 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals following a bench trial in which he was convicted for tampering with a witness under ORS 162.285. In his first assignment of error, defendant asserts that the trial court erred by admitting documentation of phone calls made by adults in custody, contending that the call log evidence was not properly authenticated and contained inadmissible computer-generated hearsay statements. In his second assignment of error, defendant contends that the trial court plainly erred in denying him "eligibility for transitional leave and other sentence-modification programs described in ORS 137.750."[1] Deferring to the trial court's factual determinations if any evidence in the record supports them, and reviewing for legal error, we affirm. *State v. H. D. E.*, 304 Or App 375, 383, 467 P3d 771, *rev den*, 367 Or 220 (2020) (foundational evidence is reviewed for legal sufficiency); *State v. Hikes*, 261 Or App 30, 35-37, 323 P3d 298, *rev den*, 355 Or 380 (2014) (a trial court's denial of sentence-modification programs is reviewed for legal error); *State v. Cain*, 260 Or App 626, 628-29, 320 P3d 600 (2014) (accepting factual determinations supported by any evidence and reviewing evidentiary admissibility rulings for legal error).

With regard to his first assignment of error, defendant's argument that the call logs constituted computer-generated hearsay statements was not raised at trial. Although defendant's objection used the word "hearsay," his explanation clarified that he was concerned that the logs lacked foundation. Because defendant did not argue to the trial court that the call logs constituted computer-generated hearsay statements, that argument is unpreserved. *State v. Wilson*, 323 Or 498, 512, 918 P2d 826 (1996), *cert den*, 519 US 1065 (1997) (holding that a defendant's objection to the

---

[1] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of [sentence-modification programs] authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release, or program."

admission of a statement under one subsection of the hearsay rule did not preserve the defendant's appellate argument that the statement was inadmissible under a different subsection of the hearsay rule).

Further, the trial court did not commit error by admitting the evidence over defendant's authentication objection. With regard to authentication, "[t]he standard is not whether the proponent has conclusively proven authenticity," rather, the standard is that the proponent must "present[ ] some evidence sufficient to support a finding that the matter in question is what its proponent claims," so as to allow the factfinder to make an ultimate determination on the "authenticity, veracity, and reliability of evidence." *State v. Barden*, 309 Or App 87, 93, 481 P3d 359, *rev den*, 368 Or 511 (2021) (citing OEC 901(1); internal quotation marks omitted). In the instant case, the state adduced sufficient evidence to show that the offered evidence was a screenshot from a computer program that enables and tracks phone calls made by adults in custody, and that the screenshot contained accurate information. For example, during trial, a witness, who was a trained user of the software and a law enforcement officer, demonstrated how the computer program functions, how the offered evidence was gathered, and what general meaning could be derived from the data displayed by the computer program. *Id.* at 93 ("[T]he officer's testimony regarding [a similar computer program] was sufficient to meet the state's *prima facie* authenticity burden under OEC 901.").

Defendant's second assignment of error—that the trial court failed to make findings required by ORS 137.750(1) before denying him certain sentence-modification programs—is unpreserved, and we decline to exercise our discretion to review the asserted error. As we have previously held, had defendant alerted the trial court to its obligation to make those findings on the record, any defect "might easily have been remedied." *State v. Soto-Nunez*, 211 Or App 545, 548–49, 155 P3d 96 (2007), *rev allowed, decision vac'd on other grounds*, 345 Or 316 (2008); *see also State v. Opitz*, 273 Or App 745, 749, 359 P3d 588 (2015), *rev den*, 358 Or 551 (2016). Furthermore, while the trial court may

have failed to make the explicit findings required by ORS 137.750(1), the trial court did provide a reason for denying certain sentence-modification programs. The court noted that defendant had been eligible for transitional leave and other sentence-modification programs in his prior case, but that defendant had not meaningfully taken advantage of those opportunities—rather, defendant has continued to engage in wrongful behavior including the conduct giving rise to this new conviction.

Affirmed.