424 October 22, 2025 No. 922

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PABLO MENDOZA HERNANDEZ,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR44347; A184385

Amanda R. Benjamin, Judge.

Submitted September 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals from a conviction for one count of sexual abuse in the second degree. In a single unpreserved assignment of error, he argues that the trial court plainly erred when it denied him eligibility for sentence-reduction programs.[1] We conclude that any error by the trial court was not "plain" and affirm.

After a guilty plea, defendant was convicted of one count of second-degree sexual abuse based on his abuse of a 13-year-old girl. As a part of defendant's plea agreement, the state dismissed more serious charges, and the parties stipulated to a guideline sentence of 36 months in prison and 24 months of post-prison supervision. At sentencing, the court adhered to the agreement but found substantial and compelling reasons to deny defendant eligibility for sentence-reduction programs. *See* ORS 137.750(1) (requiring a sentencing court to make a defendant eligible for sentence-reduction programs, unless it finds "substantial and compelling reasons" to deny eligibility).[2] The trial court cited four "substantial and compelling reasons": (1) defendant's sentence had already been reduced through plea

_____

[1] Defendant disputes the state's contention that the assignment was unpreserved, arguing that, because a trial court is mandated to allow consideration for eligibility for sentence-reduction programs, *see* ORS 137.750 (stating that the court "shall" allow a defendant to be "considered" for a reduction in sentence unless the court finds "substantial and compelling reasons" to order that the defendant not be so considered), he preserved his argument by asking the trial court to follow the agreed-upon sentence. We agree with the state that defendant's request to the court that it follow the plea agreement did not preserve a challenge to the completely separate question whether to allow sentence-reduction programs. Additionally, the plea agreement makes no reference to sentence-reduction programs.

Defendant contends in the alternative that if we conclude that the asserted error is not preserved, it is nonetheless plain error. Thus, we evaluate defendant's challenge under the plain error standard.

[2] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

negotiations;[3] (2) defendant demonstrated a lack of remorse; (3) defendant was callous toward the victim; and (4) defendant lacked insight into the severity of his conduct.

Defendant did not challenge the court's findings or its decision at sentencing not to allow eligibility for sentence-reduction programs. But citing *State v. Messer*, 317 Or App 803, 507 P3d 337 (2022), defendant now asserts in a single assignment that the court's reliance on his lack of remorse as a basis for disallowing eligibility for sentence-reduction programs constituted plain error. We conclude that there was no plain error.

In *Messer*, the defendant was convicted of two counts of criminally negligent homicide and possession of methamphetamine. Before her conviction, the defendant had attempted to apologize to the family of one of the victims but was angrily rebuffed. The trial court denied the defendant's eligibility for sentence-reduction programs, citing as "substantial and compelling reasons" the defendant's "staggering" lack of remorse in failing to apologize to the victims' families before her conviction.

In remanding the judgment for resentencing, we adhered to our holding in *State v. Agee*, 223 Or App 729, 744, 196 P3d 1060 (2008), that the substantial and compelling circumstances must be "sufficiently exceptional" to show that the presumptive sentence "would fail to accomplish the purposes of the sentencing guidelines." *Messer*, 317 Or App at 804-05. We held that, under the circumstances, the defendant's "failure to apologize to the family of one of the victims, particularly after being angrily rebuffed by a member of the first victim's family, is not sufficiently exceptional to amount to a substantial and compelling reason to deny her eligibility." *Id.* at 805.

Contrary to defendant's contention, we did not hold in *Messer* that a lack of remorse can never be a factor in considering the existence of substantial and compelling reasons. Rather, *Messer* is specific to its facts; we said there that the defendant's failure to apologize to the victims'

---

[3] For example, the state had dismissed two counts of first-degree sexual abuse, which carries a mandatory 75-month sentence when the victim is less than 14 years old. ORS 137.700(2)(a)(Q); ORS 163.427.

families after having been rebuffed was not "sufficiently exceptional" to amount to a substantial and compelling reason to deny her eligibility. The trial court's finding here of a lack of remorse had nothing to do with a failure to apologize. Rather, the court based its finding on defendant's statement at sentencing denying having abused the victim, despite having pleaded guilty.[4]

*Messer* does not stand for a general rule that a lack of remorse can never be considered in determining substantial and compelling circumstances, and we are not aware of any case law to that effect. Thus, we conclude that any error by the trial court in taking into consideration defendant's lack of remorse in evaluating defendant's eligibility for sentence-reduction programs is not plain. In reaching that conclusion, we emphasize that our review is limited to plain error and that defendant's arguments are closely tied to what we view as an overbroad reading of *Messer*.

Affirmed.

---

[4] Defendant testified:

"At no time was I next to her. The next day my wife told the girl's mom that the girl had woken up in our bed. She didn't say anything, and the mother say that should not have happened. The whole time we were interacting, fishing, camping, at no time did she show any fear to be around me. We played. She will tickle me. If, if I had hurt her, she will not have tried to come near me.

"I'm making the decision [to plead guilty] because I don't want to spend much time away from my family."