Argued and submitted February 28, case A121304 affirmed;
in case A121305, sentences vacated; remanded for resentencing;
otherwise affirmed March 28, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE PATRICIO SOTO-NUNEZ,
aka Jose Patricio Soto,
*Defendant-Appellant.*

Washington County Circuit Court
C021718CR, C022939CR; A121304 (Control), A121305

155 P3d 96

Irene B. Taylor, Deputy Public Defender, argued the
cause for appellant. With her on the brief were Peter A.
Ozanne, Executive Director, and Peter Gartlan, Chief

Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals judgments of conviction in two consolidated cases. He advances various arguments that his sentences were unlawful. We conclude that one of those arguments is well taken with respect to the sentences in one of the cases and requires that we vacate the sentences in that case and remand for resentencing.

The relevant facts are not in dispute. In case A121304 (Washington County case number C021718CR), defendant was convicted of one count of felony driving under the influence of intoxicants (DUII) and one count of giving false information to a police officer. In case A121305 (Washington County case number C022939CR), defendant was convicted of one count of felony DUII, one count of identity theft, and one count of giving false information to a police officer.

In case A121305, the court imposed upward durational departure sentences on the DUII and identity theft convictions, based on its findings that defendant had been persistently involved in similar offenses. The court also ordered that the sentence on the identity theft conviction be served consecutively to the sentence for DUII. In both cases, the court ordered that defendant not be considered for early release and sentence reduction programs, ORS 137.750. The court did not make any findings concerning the reasons for ordering that defendant not be considered for those programs.

On appeal, defendant argues that the trial court erred by ordering that he not be considered for early release and sentence reduction programs without articulating, on the record, the specific reasons for the order. Defendant also argues that several other aspects of his sentencing violated his right to a jury trial as articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Defendant concedes that he did not raise any of those arguments below, but asks that we reach them as plain error.

This court may, in its discretion, consider an unpreserved claim of error when the asserted error appears on the face of the record and is "obvious" and "not reasonably in dispute." ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).

■ We begin with defendant's argument that the court committed plain error in failing to make explicit findings in support of its decisions in both of the consolidated cases that defendant was to be denied eligibility for sentence reduction programs. Defendant argues that, under the unambiguous wording of the relevant statute, ORS 137.750, the trial court lacked authority to deny defendant consideration for sentence modification programs in the absence of explicit findings, on the record, explaining the denial. The state argues that, under *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), the error should not be reached because of defendant's failure to request findings. We agree with the state.

In *Bucholz*, the defendant argued for the first time on appeal that the trial court had erred in imposing consecutive sentences without making explicit findings in the record to support them. The defendant argued that, under ORS 137.123(4), the sentencing court was permitted to impose consecutive sentences only if it expressly made certain findings. The Supreme Court concluded that, although the defendant was correct in asserting that findings were a prerequisite to the imposition of consecutive sentences, it would not consider his contention that the trial court had committed plain error in failing to make those findings. The court explained that "a defendant who objects to [the] lack of express findings to bring the case under subsection (4), must place that objection on the record at the time of sentencing." 317 Or at 321. According to the court, "had the matter been called to the sentencing court's attention, applicability of [the statute] might easily have been established." *Id.* As a result, the court observed, it was not clear that there even was plain error. *Id.* Moreover, the court concluded, even if there were plain error, it would not exercise its discretion to review it. *Id.*

*Bucholz* is instructive. ORS 137.750(1) provides that the trial court must "find[ ] on the record in open court substantial and compelling reasons to order that the defendant

not be considered for such leave, release or programs." In this case, the trial court did not make such findings. But, had defendant called that shortcoming to the court's attention, it might easily have been remedied. As a result, as in *Bucholz*, we conclude that, even assuming that the court erred, it is not appropriate for us to exercise our discretion to review the error.

■     We turn to defendant's contention that his sentences violate *Blakely* and *Apprendi*. He first contends that under *Blakely* and *Apprendi*, the trial court's orders in both cases A121304 and A121305 denying him eligibility for sentence reduction programs were plainly erroneous. That argument is controlled, adversely to defendant, by *State v. Clark*, 205 Or App 338, 345-46, 134 P3d 1074, *rev den*, 341 Or 245 (2006). Defendant next contends that the trial court committed plain error in imposing departure sentences for his felony DUII and identity theft offenses in case A121305 based on the court's own findings of persistent involvement. On that question, our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007) is controlling, and defendant is correct. The state acknowledges that *Ramirez* supports defendant's contention but argues that we should reconsider the decision. We decline the state's invitation. In light of our disposition of that issue, and the resulting need to vacate the sentences in that case and remand for resentencing, we need not address defendant's other arguments about the lawfulness of the sentences.

Case A121304 affirmed; in case A121305, sentences vacated; remanded for resentencing; otherwise affirmed.