Submitted on remand from the Oregon Supreme Court October 28, 2008,
affirmed April 1, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSE PATRICIO SOTO-NUNEZ,
aka Jose Patricio Soto,
*Defendant-Appellant.*

Washington County Circuit Court
C021718CR, C022939CR;
A121304 (Control), A121305

204 P3d 850

Irene B. Taylor, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

. This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Soto-Nunez*, 211 Or App 545, 155 P3d 96 (2007) (*Soto-Nunez I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Soto-Nunez*, 345 Or 316, 195 P3d 64 (2008). In *Soto-Nunez I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Soto-Nunez I* was erroneous. Accordingly, we affirm.

■     Defendant was convicted of felony driving under the influence of intoxicants and identity theft. The trial court imposed a durational departure sentence of 60 months' imprisonment on the DUII conviction. The court also imposed a departure sentence of 12 months' imprisonment on the identity theft conviction. The court gave the following reasons for its departures:

> "On the charge of driving under the influence of intoxi- cants * * * the court is going to impose a departure sentence to the maximum of 60 months with the Corrections Division and that's based upon persistent involvement in similar activities, which is, basically, the history of eight prior DUII's.
>
> "* * * * *
>
> "On the charge of identity theft, the court is going to depart from the six-month presumptive sentence to 12 months based upon persistent involvement in similar activity. And I'm relying on the charges of giving false infor- mation to a police officer, his convictions for that and the information that's presented by the DA at sentencing, the use of other names, because that does present a threat to those individuals in terms of their possible arrest and use of

their identities in his criminal enterprise, namely the DUII's."

On this record, we readily conclude that there is no legitimate debate that the jury would have drawn the inference that defendant was persistently involved in similar offenses. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." Defendant had eight prior convictions for DUII, all of which he committed within eight years of his sentencing in this case. Both the number and the frequency of defendant's DUII convictions render it beyond legitimate debate that the jury would have drawn the inference of persistency required by *Bray*.

The court also imposed a durational departure sentence on defendant's conviction for identity theft based on persistent involvement in similar offenses, that is, his three prior convictions for giving false information to a police officer.[1] Here, defendant had three prior convictions for giving false information to a police officer. That offense, although not identical to identity theft, is sufficiently similar that there is no legitimate debate that the jury would have found defendant's three prior convictions to be for a "similar offense." *See State v. Cornelius*, 112 Or App 98, 100-01, 827 P2d 937, *rev den*, 314 Or 176 (1992) (setting out methodology for determining similarity of prior convictions). Defendant did not dispute—in the trial court, on direct appeal, or on remand—the trial court's finding that the offenses were

---

[1] To the extent that the trial court also relied on the state's representation of defendant's conduct that had not resulted in a conviction, that reliance plays no part in our analysis because, as the Supreme Court made clear in *Bray*, a finding of persistent involvement in similar offenses is predicated on the existence of two or more *prior convictions*.

similar. Likewise, given the number of defendant's prior convictions, we conclude that there is also no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.