Submitted December 18, 2012, in Case Nos. 20-10-19817 and 20-11-02810, remanded for resentencing; otherwise affirmed January 30, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARSHALL DAVID BASKETTE,
*Defendant-Appellant.*

Lane County Circuit Court
201019817, 201102810;
A148515 (Control), A148514

295 P3d 177

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John Kroger, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

PER CURIAM

## PER CURIAM

In these consolidated cases, defendant was convicted, based on guilty pleas, of various drug- and firearm-related offenses. In orally imposing sentence, the trial court indicated—with respect to all but one of defendant's felony convictions[1]—that defendant would be eligible for "earned time" credits but not alternative incarceration programs. The court did not make any findings on the reasons for that decision. However, the court's written judgments denied defendant consideration for "any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing" on all of defendant's felony convictions and one of his misdemeanor convictions.

Defendant appeals those judgments, contending that the trial court erred in denying him eligibility for sentence reductions under ORS 137.750 without making the requisite findings. He also contends that, under the circumstances, he was not required to preserve that claim of error for appeal. We agree.

ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, *unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program.*"

(Emphasis added.) Here, the trial court did not make the findings required under ORS 137.750 to deny defendant eligibility for early release, sentence reduction, or other

---

[1] On that count, the court did not mention eligibility for early release or sentence-reduction programs at all.

programs; indeed, the court affirmatively stated, in sentencing defendant on all but one of his felony convictions, that defendant *would* be eligible for earned time. Thus, the court erred. Moreover, the error as to the denial of earned time did not become apparent until after the court had entered its written judgments, which contradicted the statement that the court had made at sentencing in open court that defendant would be eligible for earned time. In those circumstances, preservation as to that error is not required.[2] *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue."); *State v. Lewis*, 236 Or App 49, 234 P3d 152, *rev den*, 349 Or 172 (2010) (applying that principle where error appeared for the first time in the judgment).

In Case Nos. 20-10-19817 and 20-11-02810, remanded for resentencing; otherwise affirmed.

---

[2] Because we remand the cases for resentencing, ORS 138.225(5)(a), we need not address whether defendant was required to preserve his argument as to the count in which the court did not indicate that defendant would be eligible for earned time or as to eligibility for anything other than earned time.