Submitted June 25, affirmed August 12, petition for review denied
December 10, 2015 (358 Or 449)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARY LYNN PIERCE,
*Defendant-Appellant.*

Lane County Circuit Court
201305378; A155170

358 P3d 324

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

## LAGESEN, J.

Defendant appeals her judgment of conviction and sentence. She assigns error to the trial court's determination that she cannot be considered for certain programs under ORS 137.750. In particular, defendant contends that the trial court's determination is erroneous because the court did not find on the record that there were "substantial and compelling reasons" to deny her consideration for such programming. Defendant acknowledges that her claim of error is not preserved, but argues that she should be excused from the requirements of preservation. Specifically, she contends that she was not alerted to the possibility of error until after the trial court issued an amended judgment, and, therefore, she had no opportunity to preserve the assigned error. Defendant does not contend that we should review for plain error, in the event that we conclude that she is not excused from preservation requirements. For the reasons that follow, we disagree that defendant was excused from preserving her claim of error and, accordingly, decline to review it.

ORS 137.750(1) provides that, when a trial court sentences a defendant to a term of incarceration, the court

> "*shall order on the record* in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

(Emphasis added.) Here, as required by that statute, the trial court ordered on the record at defendant's sentencing hearing that defendant be considered for "earned time and credit for time served." *See State v. Ivie*, 213 Or App 198, 201, 159 P3d 1257 (2007) ("earned time" is a sentence reduction program or time credit under ORS 421.121). At that time, if there were other programs identified in ORS 137.750 for which defendant thought that she was "otherwise eligible,"

defendant had the opportunity to point out to the court that those programs needed to be added to the list—unless the court made the requisite findings to deny consideration. As we previously have observed, had defendant done so, the court easily could have remedied any defects in its findings at that time. *See State v. Soto-Nunez*, 211 Or App 545, 548-49, 155 P3d 96 (2007), *vac'd on other grounds*, 345 Or 316, 195 P3d 64 (2008) (if defendant had brought the defect in findings to the trial court's attention, "it might easily have been remedied").

Defendant nonetheless contends that *State v. Baskette*, 254 Or App 751, 295 P3d 177 (2013), demonstrates that she should be excused from preservation requirements. It does not. In *Baskette*, we held that the defendant was not required to preserve his claim that the trial court erred when it denied him consideration for programs under ORS 137.750 without making findings on the record to support that denial. That case, however, is distinguishable; the problem in *Baskette* was that the trial court's judgment was inconsistent with its oral order. At the defendant's sentencing hearing, the trial court indicated that the defendant could be considered for "earned time" credits but not for certain other programming; the court's written judgments, however, denied the defendant consideration for "*any form of* temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing." *Baskette*, 254 Or App at 752 (emphasis added). We concluded that the defendant was excused from preservation because he was not on notice until the judgment was entered that the trial court had denied him consideration for *all* programming, in light of the court's conflicting statement at the sentencing hearing. *Id.* at 753.

This case is different. Here, the sentencing hearing put defendant on notice that the court was granting consideration only for earned time and credit for time served, and for no additional programming under ORS 137.750. That on-the-record disposition is the disposition reflected in the amended judgment. Absent a deviation between the court's oral ruling and the ruling embodied in the judgment on

review, *Baskette* provides no basis for concluding that defendant is excused from preservation requirements.

As noted, defendant does not assert that we should review for plain error, and, in all events, we generally do not review unpreserved claims of error challenging the adequacy of the findings required by ORS 137.750. *See State v. Hammond*, 218 Or App 574, 583-87, 180 P3d 137 (2008); *Soto-Nunez*, 211 Or App at 548-49. We therefore affirm the judgment of the trial court.[1]

Affirmed.

---

[1] We note that defendant does not lack a remedy if she believes that the trial court improperly denied her consideration for programming without making the findings required by ORS 137.750. Under ORS 137.754, defendant may request that the trial court modify its judgment, if defendant believes that there are additional programs for which defendant is "otherwise eligible" and for which the court has not found "substantial and compelling reasons" to deny defendant consideration. *See* ORS 137.754 ("Notwithstanding any other provision of law, a sentencing court retains authority after entry of a judgment of conviction to modify its judgment and sentence to comply with the requirements of ORS 137.750 or 137.752 when: * * * [t]he judgment and sentence failed to comply with the provisions of ORS 137.750 * * *.").