Argued and submitted August 30; remanded for resentencing, otherwise affirmed October 5; petition for review denied December 22, 2016 (360 Or 751)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM HOWARD PAULEY,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1400387; A159112

381 P3d 1106

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jacob R. Brown, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Haselton, Senior Judge.

## PER CURIAM

Defendant appeals after being convicted of unlawful delivery of methamphetamine to a minor and endangering the welfare of a minor. He challenges both his convictions and his sentences, advancing seven assignments of error. We reject the first three of those assignments, which pertain to his convictions, without discussion. With regard to sentencing, we conclude that the trial court erred in denying defendant eligibility for programs described in ORS 137.750(1), and we remand for resentencing.

Defendant's seventh assignment of error contends that the trial court orally pronounced that he would be eligible to receive "credit for time served as well as good time and work time," pursuant to ORS 137.750(1),[1] but the judgment then erroneously denied him "any form of reduction in sentence" or "work release." In response, the state concedes that the discrepancy between the court's oral pronouncement and the judgment requires us to remand for resentencing. We agree with and accept the state's concession, and we remand the entire case for resentencing. *See State v. Baskette*, 254 Or App 751, 753, 295 P3d 177 (2013) (explaining that preservation was not required, and remanding for resentencing, where "the error as to the denial of earned time did not become apparent until after the court had entered its written judgments, which contradicted the statement that the court had made at sentencing in open court that defendant would be eligible for earned time").[2]

---

[1] That statute provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

[2] In his fourth through sixth assignments of error, defendant contends that the trial court committed plain error by imposing attorney fees and by assessing a "mandatory state amt" of $60 on each count. Because the entire case must be remanded for resentencing as a result of the court's error in denying defendant's eligibility for programs, *see Baskette*, 254 Or App at 753, 753 n 2 (remanding entire case under ORS 138.222(5) based on a similar error), we need not address

Remanded for resentencing; otherwise affirmed.

---

those remaining assignments. However, we note, with regard to the "mandatory state amt," that the statute authorizing unitary assessments, *former* ORS 137.290 (2009), was repealed by the time that defendant was initially sentenced in this case. Or Laws 2011, ch 597, § 118.