Argued and submitted November 10, 2015, affirmed March 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMRANCE IAN BERGER,
*Defendant-Appellant.*

Polk County Circuit Court
14CR02548; A158330

392 P3d 792

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.*

_____

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for three counts of sexual abuse in the second degree, ORS 163.425, assigning error to the trial court's ruling that he is ineligible for any "reduction in sentence" on any count. For the reasons that follow, we affirm.

The historical and procedural facts are undisputed. A Polk County grand jury returned an indictment charging defendant with multiple sexual offenses. Defendant pleaded guilty to two counts of sexual abuse in the second degree (Counts 4 and 5) and no contest to another count of sexual abuse in the second degree (Count 8). In his sentencing memorandum, defendant argued that, under ORS 137.750, "the court does not have the authority to deny a defendant eligibility for 'reduction in sentence[;]' [o]nly the Department of Corrections, pursuant to ORS 421.121, has that authority[.]"[1] The trial court rejected defendant's argument, sentenced defendant to a total of 38 months' imprisonment, and denied defendant eligibility for "reduction in sentence" on each count pursuant to ORS 137.750(1). The trial court

---

[1] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

ORS 421.121(1) (2013) provides:

"Except as otherwise provided in ORS 137.635, each inmate sentenced to the custody of the Department of Corrections for felonies committed on or after November 1, 1989, is eligible for a reduction in the term of incarceration for:

"(a) Appropriate institutional behavior, as defined by rule of the Department of Corrections; and

"(b)(A) Participation in the adult basic skills development program described in ORS 421.084; or

"(B) Obtaining a high school diploma, a General Educational Development (GED) certificate, a certificate or a degree from a post-secondary education institution as defined in ORS 337.511 or a journey level certification from a registered apprenticeship program as defined in ORS 660.010. The reduction described in this subparagraph may not exceed a period of 60 days."

stated that it was denying a reduction in sentence "based upon [defendant's] violation of public trust, that is the trust placed in [defendant] * * * by the community."

On appeal, defendant does not challenge the adequacy of the court's finding that there were substantial and compelling reasons for denying defendant's eligibility for any form of temporary leave from custody, work release, or program of conditional or supervised release. Rather, defendant reprises the argument that he made to the trial court—that the trial court lacked the statutory authority to make him ineligible for a "reduction in sentence" under ORS 137.750(1). Specifically, defendant notes that ORS 137.750(1) requires the sentencing court to order "that the defendant may be considered by the executing or releasing authority for any form of * * * reduction in sentence[,]" and "the second clause of ORS 137.750—after the 'unless' portion of ORS 137.750(1)—does not refer to 'reduction in sentence.'" Thus, defendant contends that "the 'plain text' of ORS 137.750 [only] allows for a court to deny a defendant eligibility for 'leave, release or program'" and provides it no "authority to deny a defendant eligibility for 'reduction in sentence.'" Defendant asserts that "[o]nly the Department of Corrections, pursuant to ORS 421.121, has that authority, depending on appropriate institutional behavior[.]"

The state responds, contending that "[d]efendant's argument has no merit because the list in the 'unless' clause is modified by the term 'such'" and "the 'such * * * release' phrase in the last clause effectively reincorporates the preceding 'reduction in sentence' phrase in the opening clause." The state argues that the "necessary effect of a 'reduction in sentence'—*e.g.*, pursuant to ORS 421.121—is that defendant will be released early on his sentence."

The parties' arguments and the trial court's ruling present a question of statutory interpretation, which we review for legal error. *See State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999) ("A trial court's interpretation of a statute is reviewed for legal error."). When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with relevant legislative history, and, if

necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

We turn to the statutory text of ORS 137.750(1). As previously noted, ORS 137.750(1) provides:

> "When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

In disputes such as this, that center on how the legislature structured a statute, we consider "the meaning conveyed through the grammar and structure of the relevant provision" to ascertain the statute's plain meaning. *State v. Gonzalez-Valenzuela*, 358 Or 451, 461, 365 P3d 116 (2015).

"The 'doctrine of the last antecedent' is a long-recognized grammatical principle used in interpreting the text of statutes." *State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996). That doctrine provides that "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." *Id.* at 386 (internal quotation marks and citations omitted). Another "familiar rule of grammar [is] that the word 'such' refers to the last antecedent." *Johnson v. Craddock*, 228 Or 308, 316-17, 365 P2d 89 (1961). In that context, "such" can be used as a device "for recapitulating *** the content of a neighboring expression, often with the effect of reducing grammatical complexity." Randolph Quirk *et al, A Comprehensive Grammar of the English Language* 76 (1985). Additionally, "[e]vidence that a qualifying phrase is supposed to apply to all antecedents *** may be found in the fact that it is separated from the antecedents by a comma." *Webb*, 324 Or at 386 (internal quotation marks omitted) (quoting Norman J.

Singer, 2A *Sutherland Statutory Construction* § 47.33, 270 (5th ed 1992) (footnotes omitted)).

Here, the legislature followed those grammatical rules by using "such" in the "unless" clause of ORS 137.750 to recapitulate the content of the neighboring expression. There is no indication that the legislature intended to exclude a "reduction in sentence" by its use of the referential term "such." Moreover, the legislature separated the "unless" clause with a comma, suggesting the intention to have the "unless" clause apply to all antecedents. Thus, "such leave, release or program," in this context, refers to all antecedents before the "unless" clause in ORS 137.750 that are set forth as the category of certain programs a defendant may be eligible for, that is, "temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release."

Additionally, as to the fact that the "unless" clause does not specifically mention a reduction in sentence, our case law also points towards the rejection of defendant's argument that "[o]nly the Department of Corrections, pursuant to ORS 421.121," has the "authority to deny a defendant eligibility for 'reduction in sentence.'" *See Cloutier*, 351 Or at 100 ("Our analysis of [the statute] is also informed by this court's prior construction of that statute or its predecessors.").

As we have noted, "the potential benefits described in ORS 137.750 are not entitlements." *State v. Clark*, 205 Or App 338, 346, 134 P3d 1074, *rev den*, 341 Or 245 (2006). Instead, "ORS 137.750 requires a sentencing court to order that a defendant may be considered for release, leave, and certain sentencing programs for which the defendant is otherwise eligible unless the court makes a finding on the record that substantial and compelling reasons exist that warrant a contrary result." *Id.* at 343 (footnote omitted). "Included among such programs * * * [is] 'earned-time' sentence reduction, ORS 421.121[.]" *Id.* at 343 n 4; *see also State v. Pierce*, 272 Or App 762, 763, 358 P3d 324, *rev den*, 358 Or 449 (2015) ("'earned time' is a sentence reduction program or time credit under ORS 421.121"); *State v. Ivie*, 213 Or App 198, 200-01, 159 P3d 1257 (2007) (discussing the legislative

history of ORS 137.750 and noting that "earned time" is a sentence modification program). In addition, a "bar to sentence modifications, such as an order by the trial court denying [a defendant] consideration under ORS 137.750 for such modifications, * * * deprives [a defendant] of eligibility for a sentence reduction of up to 20 percent under ORS 421.121, among other consequences." *State v. Casiano*, 214 Or App 509, 519, 166 P3d 599 (2007); *see also State v. Baskette*, 254 Or App 751, 752-53, 295 P3d 177 (2013) (trial court committed plain error by not making findings required under ORS 137.750 to deny defendant eligibility for "earned time").

Furthermore, ORS 137.750(2) provides that "[t]he executing or releasing authority may consider the defendant for a program described in subsection (1) of this section only upon order of the sentencing court appearing in the judgment." *See Cloutier*, 351 Or at 96 (context includes other provisions of the larger section within which the disputed provision appears). ORS 137.750(3)(a) provides, in part, that the "'[e]xecuting or releasing authority' means the Department of Corrections[.]"

Based on the text and context, we conclude that a reduction in the term of incarceration under ORS 421.121 for "earned time" is a sentence modification program that the sentencing court may make a defendant ineligible for pursuant to ORS 137.750. Consequently, a reduction in a prison term based on "earned time" may only be granted by the Department of Corrections pursuant to ORS 421.121 if the sentencing court specifically orders that the defendant is eligible for such a reduction pursuant to ORS 137.750.[2]

Affirmed.

---

[2] We also note that the voters of Oregon adopted Article I, section 44(1)(a) of the Oregon Constitution. Ballot Measure 74 (1999). Article I, section 44(1)(a) provides, in pertinent part, that "[a] term of imprisonment imposed by a judge in open court may not be set aside or otherwise not carried out, except as authorized by the sentencing court[.]" The "effect [of Article I, section 44(1)(a)] is to eliminate reductions for good conduct or other reasons unless authorized by the sentencing court and permitted by law." Official Voters' Pamphlet, Special Election, Nov 2, 1999, 38. Thus, regardless of ORS 421.121, the Department of Corrections cannot give earned time to a defendant unless a sentencing court orders that a defendant is eligible for such a reduction.