PER CURIAM
*497 *81 Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894, and violating a court's stalking protective order, ORS 163.750. He raises two assignments of error on appeal, the first of which we reject without discussion. We write only to address defendant's second assignment of error, in which he contends that the trial court erred when it denied him eligibility for sentence reduction programs. See ORS 137.750.[1]
Defendant asserts that the court erred when, in its written judgment, the court denied him eligibility for early-release and sentence-reduction programs listed in ORS 137.750(1). Defendant points out that the court, at the sentencing hearing, did not find substantial and compelling reasons to order that he not be considered for those programs but, in its written judgment, the court ordered that he could not be "considered by the supervising authority for any form of alternative sanction."[2] The state, for its part, observes that, under ORS 137.750, the trial court was required to order that defendant was eligible for the early-release and sentence-reduction programs in question unless the court found "on the record in open court substantial and compelling reasons to order that the defendant not be considered" for those programs. The state concedes that, under the circumstances of this case, the court erred in "apparently ordering defendant ineligible for sentence reduction *82 programs without first making findings why he was not eligible." Accordingly, the state agrees with defendant that the case should be remanded for resentencing. We agree, and accept the state's concession. See State v. Baskette , 254 Or. App. 751, 752-53, 295 P.3d 177 (2013) (trial court erred, in judgment, in denying the defendant consideration for early-release and sentence-reduction programs where it "did not make the findings required under ORS 137.750 to deny defendant eligibility for early release, sentence reduction, or other programs"); State v. Ivie , 213 Or. App. 198, 200-01, 159 P.3d 1257 (2007) (under ORS 137.750, a sentencing court must order that the defendant be considered for enumerated release programs unless the court makes required findings).
Remanded for resentencing; otherwise affirmed.

ORS 137.750(1) provides:
"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."

The parties both observe that the trial court, in that portion of the judgment, improperly referred to ORS 423.478, which applies only "when an offender is committed to the custody of the supervisory authority of a county under ORS 137.124(2) or (4)." In this case, the judgment ordered defendant committed to the authority of the Department of Corrections and, accordingly, ORS 423.478 does not apply. Thus, as the state concedes, the court erred in referencing that statute in the judgment.