Submitted November 5, 2021; remanded for resentencing, otherwise affirmed February 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRIS JOHN MONTES, JR.,
aka Christopher John Montes, Jr.,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR70820, 19CR78809;
A174240 (Control), A174241

504 P3d 1269

Katherine E. Weber, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the answering brief for respondent.

On the joint supplemental brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, and Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

In these consolidated cases, defendant appeals from judgments revoking his probation and imposing terms of incarceration for his offenses. At sentencing, the court stated that defendant would not be eligible for transitional leave but would be eligible for "good time" or "earned time." *See* ORS 137.750 (court is to announce at sentencing whether defendant may be considered for "any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing"). The judgments, however, indicated that defendant was ineligible for all programming but was eligible for good time. On appeal, defendant first argues that the trial court erred by denying him transitional leave. The state responds that defendant failed to preserve that argument and does not seek plain error review. We reject defendant's argument without discussion. Defendant also argues that the judgments incorrectly denied him all programming under ORS 137.750 other than good time, which was not consistent with the court's statements at sentencing, and that he was not required to preserve his claim of error because the error appeared in the first instance in the judgments. The state agrees and concedes that defendant is entitled to resentencing. We agree and accept the state's concession. *See State v. Pauley*, 281 Or App 454, 455, 381 P3d 1106, *rev den*, 360 Or 751 (2016) (discrepancy between court's oral pronouncement and judgment requires remand for resentencing).[1]

Remanded for resentencing; otherwise affirmed.

---

[1] The parties provided supplemental briefing regarding potential mootness, at our request, and we have determined that this appeal is not moot.