***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted November 3; in Case Nos. 19CR82305 and 20CR08127, remanded for resentencing, otherwise affirmed December 14, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOAQUIN AMADEUS COWART,
aka Joaquin Cowart,
aka Joaquin A. Cowart,
aka Joaquin Amadues Cowart,
*Defendant-Appellant.*

Jackson County Circuit Court
19CR82305, 20CR08127;
A176388 (Control), A176389

Timothy Barnack, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

In Case Nos. 19CR82305 and 20CR08127, remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

In these consolidated cases, defendant argues that the trial court erred in several respects in imposing his sentence. The state concedes the errors. As explained below, we accept the concession and therefore remand for resentencing. In the first of these cases, Case No. 19CR82305, defendant pleaded no contest to Count 1, and the court dismissed Counts 2 to 6, all of which constituted second-degree encouraging child sexual abuse; the court then sentenced him to 45 months' incarceration. In the other, Case No. 20CR08127, defendant pleaded guilty to four counts of second-degree sexual abuse and received consecutive sentences of 36 months' incarceration on each count. At sentencing, the prosecutor explained that defendant would be eligible for earned time on the sentences; the court did not indicate otherwise in pronouncing judgment. However, in both written judgments, the court included provisions that defendant "not be considered by the executing or releasing authority for any form of Reduction in Sentence, Conditional or Supervised Release Program, Temporary Leave From Custody, Work Release. The Defendant may not be considered for release on post-prison supervision under ORS 421.508(4) upon successful completion of an alternative incarceration program." And, in the written judgment in Case No. 20CR08127, the court also included a "sentence instruction" that defendant have "[n]o contact with minors."

Under ORS 137.750(1), a court may deny a defendant "temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release" only if it "finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program." That did not occur here. Because the errors with respect to the court's failure to comply with ORS 137.750(1) appeared in the first instance in the judgment, preservation of error is not required. *See State v. Montes*, 317 Or App 658, 504 P3d 1269 (2022) (same). These errors require resentencing in both cases.

Defendant also argues that the trial court plainly erred in imposing the no-contact provision in Case No. 20CR08127, that this constitutes plain error, and asks that

this court exercise discretion to correct the error. The state agrees that the trial court lacked authority to impose such a provision, and that doing so was plainly erroneous. We also agree. *See State v. Hall*, 282 Or App 9, 11, 385 P3d 1225 (2016), *rev den*, 360 Or 752 (2017) (correcting similar error as plain error). Accordingly, we exercise discretion to correct the error for the reasons set forth in *Hall*.

In Case Nos. 19CR82305 and 20CR08127, remanded for resentencing; otherwise affirmed.