No. 202 March 27, 2024 655

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE JAMES BACCHUS,
*Defendant-Appellant.*

Crook County Circuit Court
21CR27729; A179121 (Control), A179125

Annette C. Hillman, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant challenges the trial court's determination that he was ineligible for sentence reduction programs on one of the counts to which he pleaded guilty, unlawful use of a weapon with a firearm (Count 3 in Case No. 21CR27729), because the court did not find "substantial and compelling reasons to order that the defendant not be considered for such leave, release or program" as required by ORS 137.750(1). Defendant concedes that he did not preserve that claim of error but argues that the error is plain and warrants correction. *See* ORAP 5.45(1) (providing that "the appellate court may, in its discretion, consider a plain error"); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (outlining requirements of plain-error review). We affirm.

Because the parties are aware of the underlying factual and procedural history, we do not provide a recitation of those details for this nonprecedential memorandum opinion. On appeal, defendant points out that the "gun minimum statute" that applies to that conviction, ORS 161.610, limits his eligibility for programs governed by ORS 137.750 but does not make him ineligible.[1] Indeed, ORS 161.610 assumes that an offender could be eligible for sentence reduction programs. *See* ORS 161.610(3) ("[I]n no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served or time credits earned under ORS 421.121[.]"). Defendant argues that the court's error is grave because it denied him the right to earn an 18-month reduction in his sentence. *See* ORS 421.121(1), (2); OAR 291-097-0231(1) (providing that an offender may earn sentence

---

[1] Defendant's opening brief also notes that the trial court erred in establishing the terms of post-prison supervision (PPS) on three different counts of third-degree rape (Count 11 in Case No. 21CR27729 and Counts 3 and 5 in Case No. 21CR29338) because ORS 144.103 does not apply to third-degree rape. He does not challenge those sentencing errors, however, because the erroneous PPS terms will effectively merge with a longer PPS term imposed on a first-degree sexual abuse conviction. *See* OAR 213-012-0040(1) (explaining that if a defendant "has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term").

reductions up to 20 percent of the term of incarceration for appropriate institutional behavior).

The state responds that the ends of justice would not be served by plain-error review in this case because, had defendant objected at sentencing, the court could have remedied the error by making the necessary findings regarding substantial and compelling reasons. We agree with the state's argument. *See, e.g.*, *State v. Pierce*, 272 Or App 762, 765, 358 P3d 324, *rev den*, 358 Or 449 (2015) (explaining that "we generally do not review unpreserved claims of error challenging the adequacy of the findings required by ORS 137.750").

First, it does not appear from the record that the trial court was mistaken about program eligibility under ORS 161.610(3). The court asked the prosecutor whether the gun minimum sentence was "eligible for good time or AIP [alternative incarceration programs]," to which the prosecutor responded, "It is not eligible for AIP. I believe it is eligible for good time." Second, as the state's argument notes, defendant's criminal history and the nature of the crimes in this consolidated appeal, which involved abuse that the court described as having "violated the trust of a family" and "violated the trust of children," would have allowed the trial court to make the required findings. Accordingly, even if the trial court plainly erred, we decline to exercise our discretion to correct it. *See State v. Opitz*, 273 Or App 745, 750, 359 P3d 588 (2015), *rev den*, 358 Or 551 (2016) (declining to exercise discretion to correct a similar error where "the trial court could easily have remedied that failure by making the findings based on the record before it").

Affirmed.