No. 683 September 25, 2024 253

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IRVING HERNANDEZ-MARQUEZ,
aka Irving HernandezMarquez,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR64483; A181180

Thomas J. Rastetter, Judge.

Submitted August 9, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant pleaded guilty to two counts of unlawful delivery of methamphetamine, ORS 475.890. The trial court sentenced defendant to 45 months in prison and 36 months of post-prison supervision. Defendant argues that the trial court erred in entering a judgment stating that he is ineligible for alternative sanctions or programs under ORS 137.750. The state concedes that the trial court erred. We agree with and accept the state's concession.

We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law. *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012). ORS 137.750(1) provides in part that when a court sentences a defendant, "the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered *** for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release ***, unless the court finds on the record in open court substantial and compelling reasons to order that defendant not be considered for such leave, release or program."

Here, when sentencing defendant, the trial court stated that defendant "is eligible for alternative incarceration programs, earned time and good time credit but not trans[itional] leave." However, the written judgment provides that defendant "shall not be made eligible for transitional leave and/or any alternative sanction(s) under ORS 137.750/137.752." By entering that judgment, the trial court erred in two ways. First, it did not make the requisite findings pursuant to ORS 137.750(1). *State v. Baskette*, 254 Or App 751, 752-53, 295 P3d 177 (2013). And second, the court failed to pronounce the denial of eligibility for alternative sanctions or programs in open court in defendant's presence. *State v. Jacobs*, 200 Or App 665, 673, 117 P3d 290 (2005). We therefore remand this case for resentencing.

Remanded for resentencing; otherwise affirmed.