124        July 23, 2025        No. 658

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM BUCKLEY MARVIN,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR53153; A183149

Susie L. Norby, Judge.

Submitted June 24, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Portion of judgment requiring defendant to pay per diem fees reversed; otherwise affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction following a guilty plea, raising two assignments of error as to his sentence. First, defendant contends that the trial court erred in revoking transitional leave without substantial and compelling reasons to do so. Second, he argues, and the state concedes, that the trial court erred by imposing per diem fees in the judgment without having announced the fees in open court. For the reasons explained below, we reject defendant's first assignment as it is unpreserved but agree that the imposition of per diem fees was error. We accordingly reverse that portion of the judgment but otherwise affirm.

We review a sentencing court's decision to deny a defendant sentencing reduction programs for legal error, and its factual findings for any evidence in the record to support them. *State v. Messer*, 317 Or App 803, 804, 507 P3d 337 (2022).

In 2022, defendant was charged with various offenses. He subsequently violated stalking protective orders, failed to appear in court, and went "on the lam," fleeing from Oregon to South Carolina (where he was ultimately apprehended). During sentencing, defendant requested programming in the form of alternative incarceration programs (AIP) and transitional leave. Defendant argued that the underlying causes of his crimes were drug and alcohol abuse, as well as early onset dementia, and if granted programming, he could receive treatment.

The trial court denied AIP and revoked transitional leave. It stated, "The most pivotal part of recovery is taking responsibility and making amends. And I can only conclude that you hadn't yet reached those steps before you were caught. \*\*\* So while I reviewed the documents and they were positive and while I heard everything your attorney said, I am not going along with his argument."
Additionally, the trial court waived per diem fees; however, the judgment imposed them.

In his first assignment of error, defendant argues that the trial court erred in denying transitional leave

because there were no "substantial and compelling reasons" to do so, ORS 137.750,[1] and that the trial court conflated his argument for affirmatively granting AIP with his separate request to maintain transitional leave. However, that argument is unpreserved. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court ∗∗∗."). Defendant at no point suggested to the trial court that it conflated the analysis for AIP and transitional leave, nor did he object to any perceived lack of substantial and compelling reasons for denying transitional leave. Because defendant failed to raise his argument to the trial court and does not seek plain error review, we do not reach it. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that an appellate court will not ordinarily proceed to the question of plain error unless an appellant has explicitly asked it to do so); *see also State v. Pierce*, 272 Or App 762, 764, 358 P3d 324, *rev den*, 358 Or 449 (2015) ("[W]e generally do not review unpreserved claims of error challenging the adequacy of the findings required by ORS 137.750.") (citing *State v. Hammond*, 218 Or App 574, 583-87, 180 P3d 137 (2008); *State v. Soto-Nunez*, 211 Or App 545, 548-49, 155 P3d 96 (2007)).

In his second assignment of error, defendant contends that the trial court erred in entering a judgment imposing payment of per diem fees without announcing that provision in open court. The state concedes that error—a concession that is well taken. *See State v. Schay-Vivero*, 333 Or App 168, 170, 552 P3d 150 (2024) (per diem fees must be announced in open court). We accept the state's concession and reverse that portion of the sentence imposing per diem fees.

Portion of judgment requiring defendant to pay per diem fees reversed; otherwise affirmed.

---

[1] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program."